[L. A. No. 84.   Department Two.—January 13, 1896.]

## D. O. McCARTHY, RESPONDENT, v. MT. TECARTE LAND AND WATER COMPANY, APPELLANT.

ASSIGNMENT OF CLAIM—NOTICE—SUBSEQUENT SETTLEMENT WITH ASSIGNOR.
Where a claim for goods, wares, and merchandise, sold and delivered to a corporation, has been assigned to another person, and notice of the assignment given to the corporation, a subsequent settlement of accounts with the assignor cannot relieve the corporation from its liability for the debt previously transferred to the assignee.

ASSUMPSIT—BILL OF PARTICULARS—TIME OF DELIVERY—OBJECTION TO EVIDENCE.—Where a demand is made upon the plaintiff in an action of *assumpsit* for a bill of particulars, and such bill is delivered six days after the demand, and more than forty days before the trial an objection made upon the trial to the reception of any evidence upon the ground that the bill of particulars had not been served within five days after the demand, no objection having been made to the sufficiency of the account as furnished, the objection to the reception of evidence is properly overruled.

ID.—CONSTRUCTION OF CODE—DISCRETION OF COURT.—The object of section 454 of the Code of Civil Procedure, requiring a party to deliver to his adversary within five days after the demand a copy of an account sued upon, or be precluded from giving evidence thereof, is to protect the adverse party from embarrassment upon the trial, by enabling him to demand and obtain in advance a detailed statement of the items charged against him, and the trial court has a sound discretion whether to exact the penalty of precluding the plaintiff from giving evidence thereof or not; and if the demand is not complied with, the prescribed penalty may be exacted for refusal or gross neglect; but if the demand•

ant receives a sufficient copy long enough before the trial to enable him to examine it and prepare his defense, so far as he is concerned the stat‑ute has fulfilled its usefulness.

Id.—Objection Previous to Trial.—Where a party receiving a bill of particulars, which is for any reason objectionable, proposes to object to the introduction of evidence thereunder, he may not wait until the trial, but previous to the trial must move for and obtain an order excluding the evidence.

Appeal from a judgment of the Superior Court of San Diego County and from an order denying a new trial.  W. L. Pierce, Judge.

The facts are stated in the opinion of the court.

*James E. Wadham,* and *Frederic W. Stearns,* for Respondent.

The court erred in overruling defendant's objection to any testimony relating to the account sued on herein, on the ground that no bill of particulars was ever fur‑nished as required by law.  (Code Civ. Proc., sec. 454; *Towdy* v. *Ellis,* 22 Cal. 651.)  A statute is, if possible, to be so construed as to give effect to every part of it, to all of its words and provisions.  (*Langenour* v. *French,* 34 Cal. 92; *Appeal of Houghton,* 42 Cal. 35; *Donlon* v. *Jewett,* 88 Cal. 530; *Gates* v. *Salmon,* 35 Cal. 576; 95 Am. Dec. 139; *Bates Refrigerating Co.* v. *Sulzberger,* 157 U. S. 1.)  When the time is prescribed and a penalty provided for a failure to do an act within the prescribed time, the time provision is always mandatory and never directory. (*Shaw* v. *Randall,* 15 Cal. 385; *Perine* v. *Forbush,* 97 Cal. 305.)  It was not necessary to make the motion to exclude the evidence before the trial.  Respondent was in default for failure to serve the bill within the time pre‑scribed by law, and if he desired to be relieved of the consequences of such default, it was his duty to take the proper steps to have the default set aside.  (*Tuttle* v. *Wilson,* 42 Minn. 233.)  The books of a party are admissible in evidence only after preliminary proof has been made that the entries were correct at the time they were made, and that the books were fairly and honestly kept.  This may be shown by the oath of the party

making the entry or by testimony of persons who have settled their accounts by said books. ( *White* v. *Whitney,* 82 Cal. 163; *Watrous* v. *Cunningham,* 71 Cal. 30; 1 Smith's Leading Cases, 9th Am. ed. 577, et seq; *Powell* v. *State,* 84 Ala. 444; *Hancock* v. *Flynn,* 54 Hun, 638; 8 N. Y. Supp. 133.) Money advanced or loaned is not a proper book entry, and a tradesman's book of account is not admissible to prove items of money loaned. ( *Le Franc* v. *Hewitt,* 7 Cal. 186; *Petit* v. *Teal,* 57 Ga. 145; *Vosburgh* v. *Thayer,* 12 Johns. 461; *Case* v. *Potter,* 8 Johns. 211; *Low* v. *Payne,* 4 N. Y. 247; *Smith* v. *Rentz,* 131 N. Y. 169; 1 Smith's Leading Cases, 9th Am. ed. 582, et seq., and cases cited.)

*McDonald & McDonald,* and *Gibson & Titus,* for Respondent.

The account having been assigned to the plaintiff on the twenty-third day of November, 1891, and the defendant's board of directors having been notified thereof on the 26th of November, 1891, J. Harvey McCarthy had no authority to make any settlement of the account with the defendant on the seventh day of October, 1892. (*Myers* v. *South Feather Water Co.,* 10 Cal. 579; *Gilman* v. *Curtis,* 66 Cal. 116; *Works* v. *Merritt,* 105 Cal. 467–69.) The finding of the trial court that no payments other than the sum of two hundred and fifty dollars had ever been made upon the account is supported by some evidence, and is consequently binding upon this court. (*Barry* v. *Coughlin,* 90 Cal. 220; *Dobinson* v. *McDonald,* 92 Cal. 33–36; *San Gabriel Wine Co.* v. *Behlow,* 94 Cal. 110; *Reay* v. *Butler,* 95 Cal. 214, 215; *Heinlen* v. *Heilbron,* 97 Cal. 103; *Meyer* v. *Great Western Ins. Co.,* 104 Cal. 381–86.) The purpose of and reason for section 454 of the Code of Civil Procedure is to apprise the defendant of the particular nature of the demand made, and what would be attempted to be proved against him at the trial, that he may prepare himself to disprove the items if he finds them to be incorrect. As appellant had ample time after the service and before the trial,

he cannot complain. (*Providence Tool Co.* v. *Prader*, 32 Cal. 638; 91 Am. Dec. 598; *Robbins* v. *Butler*, 13 Col. 496; *Kellogg* v. *Paine*, 8 How. Pr. 329.) The motion to exclude the evidence should have been made before the trial. (*Conner* v. *Hutchinson*, 17 Cal. 279–82; *Isham* v. *Parker*, 3 Wash. 774.) The penalty of not being permitted to offer evidence should never be enforced except where the party of whom a bill of particulars is demanded willfully refuses or neglects to furnish the same. (*Graham* v. *Harmon*, 84 Cal. 181, 185.) The plaintiff and J. Harvey McCarthy testified that the entries made by them in the book of the assignee of plaintiff were made at the time of the transactions to which they related and as a part thereof. This foundation was sufficient to render the books competent. (Rice on Evidence, 835; *Landis* v. *Turner*, 14 Cal. 573; *White* v. *Whitney*, 82 Cal. 163; *Ford* v. *Cunningham*, 87 Cal. 209; *Pauly* v. *Pauly*, 107 Cal. 8; 48 Am. St. Rep. 98.)

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

Plaintiff averred that between the twenty-first day of August and the twenty-fourth day of November, 1891, the firm of J. Harvey McCarthy & Co. had at the request of defendant sold and delivered to it goods, wares, merchandise, and moneys, of the value of two thousand five hundred dollars; that the interest of the firm in and to said claim and account had been assigned to plaintiff upon November 24, 1891; that thereafter defendant paid to plaintiff on said account the sum of two hundred and fifty dollars, and no more. Judgment was asked for the unpaid amount, with interest. Defendant answered, denying that it ever ordered or received the merchandise or moneys, or any part thereof. It also denied that it had paid two hundred and fifty dollars, or any other sum.

The court found in accordance with the complaint that goods, etc., of the value of two thousand five hun-

dred dollars had been delivered to defendant, and this finding is not attacked.

It found the payment by defendant to plaintiff of two hundred and fifty dollars, and no more. This finding is attacked. The basis of attack is evidence of a settlement had between defendant and J. Harvey McCarthy, a partner of the firm, which settlement it is claimed included all of the items, matters, and things here in controversy. It appears that J. Harvey McCarthy had an action pending against this defendant for goods and merchandise sold, in which he demanded judgment for twelve hundred dollars. A settlement was had between him and the company, and upon a bundle of accounts (some of which embrace the items here in litigation) he signed this receipt: "Payment and full satisfaction of balance due on within accounts, and also of all other demands included in the complaint in the action entitled *J. Harvey McCarthy* v. *Mt. Tecarte Land and Water Company*, No. 6811."

But McCarthy testified that he did not examine the bills; that he thought the settlement embraced only the items in litigation in the action; and that he so expressed himself to the defendant's attorney, saying at the same time that he had previously assigned to his father (this plaintiff) a claim for two thousand five hundred dollars. The language of the receipt is not at variance with this evidence. Moreover, this settlement was had in 1892. The assignment to plaintiff was executed in 1891, and the directors of the defendant corporation were informed of it at one of their regular meetings shortly after it was made. Under these circumstances a settlement with J. Harvey McCarthy would not relieve defendant from its liability for the debt previously transferred to plaintiff. (*Gilman* v. *Curtis*, 66 Cal. 116; *Works* v. *Merritt*, 105 Cal. 467.) There is thus sufficient evidence to sustain the finding of the court.

On the fifteenth day of December, 1894, defendant made demand on plaintiff for a bill of particulars. Six

days thereafter, on December 21st, the bill was served. More than forty days thereafter trial was commenced. Upon the trial defendant, without objection then or previously made to the sufficiency of the account as furnished, opposed the reception of any evidence upon the ground that it had not been delivered within five days after demand.   Section 454 of the Code of Civil Procedure provides that a party must deliver to his adversary, within five days after demand, a copy of an account sued upon, or be precluded from giving evidence thereof.   It is for a rigid construction of this section that appellant contends, insisting that its provisions are mandatory, and leave the court no discretion in the matter.   But this view finds no support in the reason which called the section into existence.   In the simplification of pleadings it is designed to protect the adverse party from embarrassment upon the trial, by enabling him to demand and obtain in advance a detailed statement of the items charged against him.   If the demand is not complied with, then, for the refusal or gross neglect, the prescribed penalty may be exacted.   If the demandant receives the copy long enough before the trial to enable him to examine it and prepare his defense, so far as he is concerned the statute has fulfilled its usefulness.   It would be to the last degree oppressive to hold that a plaintiff must lose his cause of action because, though he had furnished the copy of his account more than forty days before the trial, he had served it upon the sixth instead of the fifth day after demand.

The circumstances of this case will serve to illustrate the injustice and oppression which would follow so drastic a rule.

The plaintiff delivered the copy of his account to defendant more than forty days before the trial.   No objection was made to its sufficiency.   Defendant's secretary compared the account with plaintiff's books.   At the trial no item of the account was attacked, no word of evidence offered in dispute of its correctness.   The court found that two thousand two hundred and fifty

dollars was justly due to plaintiff, and yet defendant would seek to avoid payment because the copy was served, not so late as to embarrass its defense, but a day later than the statute contemplates.

A court would be reluctant to adopt a construction which would lead to such results, and we are not compelled to do so. We are referred to no authority construing the provisions of such a statute as mandatory; but, upon the other hand, it is uniformly held that the language serves but to name a penalty vesting the discretionary power of exacting it or not in the sound discretion of the trial judge. (*Robbins* v. *Butler*, 13 Col. 496.) In *Graham* v. *Harmon*, 84 Cal. 181, 185, it is said that the penalty only applies where the party refuses to furnish the copy; and in *Conner* v. *Hutchinson*, 17 Cal. 279, it is held that if the bill of particulars is for any reason objectionable, and the adverse party proposes to object to the introduction of evidence, he may not wait until the trial, but previous to the trial must move for and obtain an order excluding the evidence. Such is also the rule laid down in *Kellogg* v. *Paine*, 8 How. Pr. 329, and in *Isham* v. *Parker*, 3 Wash. 774. This defendant failed to do, and for that additional reason his objection was properly overruled.

Objection was also made to the admission in evidence of certain original books of entry of the firm of J. Harvey McCarthy & Co. To set forth the evidence given as the foundation for their admission would be profitless. Suffice it to say that it was sufficient to warrant the court's ruling.

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.