[S. F. No. 2866.    Department Two.—January 14, 1904.]

JOHN P. SILVA, Respondent, v. THOMAS BAIR, Appellant.

ACTION FOR GOODS SOLD—BILL OF PARTICULARS—SERVICE AFTER STATUTORY TIME—EVIDENCE—DISCRETION.—In an action for goods sold, where the defendant demanded a bill of particulars, which was furnished after the lapse of the statutory period, but was served more than a month before the trial, where no objection was made to its form, or completeness, but only that it was filed too late, the defendant has not an absolute right to exclude evidence for the plaintiff, but the allowance thereof was within the discretion of the court.

Id.—Requested Instruction—Incorrect Rule for Damages.—A requested instruction for the defendant, stating rules for estimating damages which were neither pertinent nor correct, was properly refused.

Id.—Instruction—Sale—Counterclaim.—Where the defendant set up two counterclaims against plaintiff, an instruction that if the jury found that the transaction between the plaintiff and defendant was a sale of goods from plaintiff to defendant, they should find a verdict against defendant for their value, less the amount of any counterclaim in his favor, is not objectionable.

Id.—Growing Crop—Surrender of Possession—Sale.—An instruction to the effect that a tenant who surrenders the leased premises surrenders his right to a growing crop of beets to the landlord, in the absence of an agreement on the part of the landlord to pay for the same, is not objectionable.

Id.—Counterclaim—Damages for Abandonment of Lease—New Lease for Years—Evidence.—Under a counterclaim in such action for damages for the abandonment by plaintiff of a lease from the defendant where it appeared that a new lease for a long term of years had been made to other parties, the true measure of damages is the difference in the rental value of the premises; and defendant is not entitled to offer evidence of profitable and unprofitable months, and to show that the new lease was made at the beginning of an unprofitable season.

Id.—Counterclaim not Recoverable—Consent to Rescission of Lease—Surrender to New Lessees.—The defendant was not entitled to recover any damages under such counterclaim where it appeared that the lease was rescinded by the consent of the plaintiff and defendant, and possession was surrendered by plaintiff to new lessees, to whom the defendant had leased the premises upon different terms and for a different period prior to such surrender.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. Hunter, Judge.

The main facts are stated in the opinion of the court.

The instruction as to growing crops related to a growing crop of beets, which the plaintiff claimed was included in his sale to the defendant.   The substance of it is embodied in the *syllabus*.

Ernest Sevier, and Denver Sevier, for Appellant.

Gregor & Connick, for Respondent.

LORIGAN, J.—Plaintiff, on May 10, 1900, entered into the possession of a dairy ranch in Humboldt County, belonging to defendant, under an agreement to lease the same, with certain personal property thereon, for a term of five years, at a rental of $166.66 per month. The lease was prepared, but was not executed by either party. In October, following his entry on the premises, plaintiff became dissatisfied with the lease, and so announced to defendant, and it was agreed between them, that if the plaintiff could find some one to take the lease off his hands, defendant would let such person have it. Thereafter, plaintiff brought prospective lessees to defendant, to whom, about said month of October, defendant leased the premises for a period of ten years, upon different terms from those upon which plaintiff held it. Plaintiff thereupon surrendered possession of the premises to said lessees. At the time of such surrender plaintiff claims that defendant purchased from him certain hay, beets, hogs, and calves, which were on the premises, and it is to recover for the reasonable value thereof that this action is brought.

Defendant, in addition to a denial that he ever purchased the property, interposed two counterclaims. No point is made under the first, so it will be unnecessary to consider it. Under the second he claimed damages in the sum of five hundred dollars for the neglect and failure of the defendant to sign the lease or comply with its terms, and for an alleged abandonment of the premises.

The cause was tried before a jury, and a verdict rendered in favor of plaintiff. Defendant appeals from the judgment entered thereon, on a bill of exceptions.

No point is made as to the sufficiency of the evidence to sustain the judgment, the points urged for a reversal being that the court erred in admitting and rejecting evidence, and likewise erred in some of its instructions to the jury.

The allegations of the complaint were general—that the plaintiff had sold goods, wares, and merchandise to the defendant of the reasonable value of $1,299, for which defendant agreed to pay whatever they were reasonably worth.

Defendant, before trial, and on February 6, 1901, served a written demand on plaintiff for a bill of particulars, under section 454 of the Code of Civil Procedure, and no bill having

been furnished, made another demand on the 19th of the same month. On March 4th, thereafter, plaintiff delivered the bill of particulars demanded.

On the trial defendant objected to the introduction of any evidence upon said account, on the ground that the bill of particulars had not been furnished within five days after demand, as provided by the section. The objection was overruled, and evidence of the account permitted. The appellant claims this was error.

The bill of particulars, however, was served a little over a month before the cause came on for trial. It seems to have been as full and complete as defendant wished it. No objection was made at, or before, the trial that it was too general or defective. The only objection was, that it was not delivered within the statutory time. This, however, did not give the defendant an absolute right to have the evidence offered rejected at the trial. It was within the discretion of the court to determine whether, under the circumstances, the penalty of the statute should be enforced, and the evidence excluded. That discretion seems to have been exercised in harmony with the decision of this court in *McCarthy* v. *Mt. Tecarte L. W. Co.,* 110 Cal. 692, and we think properly so. In that case the court says: "If the defendant receives the copy long enough before the trial to enable him to examine it and prepare his defense, so far as he is concerned the statute has fulfilled its usefulness. It would be to the last degree oppressive to hold that the plaintiff must lose his cause of action because, though he had furnished the copy of his account more than forty days before the trial, he had served it upon the sixth instead of the fifth day after demand."

The next error assigned is, that the court improperly refused to allow defendant to introduce certain evidence under his second counterclaim. The proffered evidence tended to show which were the most profitable months for dairying, and was offered upon the theory that defendant had a right to prove that the premises were abandoned by plaintiff at the close of the profitable season, and that defendant, being compelled to rent them at the beginning of the unprofitable season, suffered a detriment; that the rental value of the premises in October, when plaintiff abandoned them, was a great deal less than when he took possession of them in the previous May.

There is no doubt but that defendant had a right to show such damage, but proof of the profitable or unprofitable months of the dairying season was not the proper way to do so. Nor was he in any manner precluded from introducing legitimate evidence to that end. When this evidence was offered, it was an undisputed fact in the case that defendant had, before plaintiff left the premises, leased them to others at a stipulated rent per month for a long term of years. The court held in passing on the objection to the testimony offered by the defendant on this point, that the true measure of damages would be the difference in the rental value of the premises; the difference between the rent agreed to be paid by plaintiff and the rent which was agreed to be paid by the tenants to whom the premises had been subsequently rented, if it were less. In so holding, the court announced the correct rule.

Aside from this, however, we do not think the defendant was entitled to any damages under any rule. His claim for them was based upon the theory that the plaintiff had repudiated the lease and abandoned the premises before the end of the term. The evidence clearly shows, however, that plaintiff surrendered his rights under the lease and possession of the property without objection from, and by express consent of the defendant. In this particular the defendant himself testified: "When Mr. Silva (plaintiff) complained to me about the place, I told him if he could find anybody that would take it off his hands, I would let them have it . . . I told Mr. Silva he could turn the ranch over to the Swiss boys (the persons to whom defendant did lease it) if he wanted to."

This is made more certain, if additional certainty were necessary, by the fact that before plaintiff had actually left the premises, defendant arranged to lease and did lease them, to others, on different terms and for a different period than contained in the lease to plaintiff.

Under these circumstances defendant would not, under any theory, be entitled to damages for breach of the terms of the lease which he agreed should be rescinded, and which was, in fact, rescinded.

Appellant complains of the refusal of the court to give two

instructions asked by him. They were properly refused. They assume to state rules for estimating damages in favor of defendant which were neither pertinent nor correct.

Some of the instructions which were given are challenged as being argumentative, and trenching on the province of the jury. Our attention is not particularly called to their alleged argumentative character, and we cannot discover that there was any invasion of the province of the jury by the court. The instruction to the jury that if they found that the transaction between plaintiff and defendant operated as a sale of the hay, etc., to defendant, they should find a verdict against defendant for their value, less the amount of any counterclaim in his favor, is open to no objection. Neither is the instruction which was given concerning growing crops.

We do not perceive that any of the objections urged by appellant call for a reversal of the judgment, and it is therefore affirmed.

McFarland, J., and Henshaw, J., concurred.