[Civ. No. 2764. First Appellate District, Division Two.—April 29, 1919]

GUST HEAD et al., Appellants, v. C. SOLOMON, Jr., Respondent.

[1] CONTRACTS — CANCELLATION BY CONSENT — RIGHT OF ACTION FOR BREACH.—Where by mutual consent the parties to a contract cancel the same, an action for a breach thereof may not thereafter be maintained.

[2] ID.—ACTION FOR BREACH—FINDING OF FACT.—In an action for damages for breach of contract, a finding that "the agreement and its modifications was fully canceled and terminated" on a given date, "by mutual consent of all the parties thereto," is a finding of fact, and not a conclusion of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Rufus Thayer and C. F. Nichols for Appellants.

Robert S. Norman for Respondent.

BRITTAIN, J.—The appeal is on the judgment-roll alone. The suit was for damages for breach of contract to buy and to pay for certain antimony ore.  Plaintiffs alleged damages in the sum of $2,697.50.  Under the terms of the contract as amended by a subsequent written instruction, the defendant in part payment was to deposit for the account of the plaintiffs the sum of one thousand dollars cash in a bank in San Francisco.  The defendant by cross-complaint alleged a breach of the contract on the part of the plaintiffs to the defendant's damage of one thousand dollars.  The court found probative facts in regard to the tender of the deposit and in the same finding the ultimate fact that the defendant had fully complied with all the conditions to be performed under the said agreement as far as the plaintiffs permitted and allowed him to do so.  It is contended on behalf of the appellants that the probative facts found are at variance with the ultimate fact of tender.  It is also contended that a finding reading, "The aforesaid agreement and its modifications was fully canceled and terminated in the month of July, 1916, by mutual consent of all the parties thereto," was a conclusion of law and that no finding of fact was made upon the essential issue of cancellation of the contract.

[1]  The suit was commenced in March, 1917.  If by mutual consent the parties to the contract canceled the same before that time, the suit for its breach could not be maintained.  The determination of the issue of cancellation adversely to the plaintiffs disposes of the appellants' contention in regard to the matter of tender.  [2]  A finding "that plaintiff did not rescind said sales" has been held to be a finding of fact.  (*Hollenbach* v. *Schnabel*, 101 Cal. 317, [40 Am. St. Rep. 57, 35 Pac. 872].)  It was the ultimate fact, just as in this case the finding that the agreement was can-

celed and terminated by mutual consent of all the parties thereto was the ultimate fact. (*Weidenmueller* v. *Stearns etc. Co.*, 128 Cal. 626, [61 Pac. 374].) The court further found that the plaintiffs were not damaged and that the defendant was not damaged.

Upon all the findings the court concluded the plaintiffs were not entitled to take anything by their action; that the defendant was not entitled to take anything by his cross-complaint, and the defendant was entitled to costs. Judgment was rendered accordingly. The judgment and conclusions of law are supported by the findings. They were sufficient and within the issues.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.