[Civ. No. 3443.  Second Appellate District, Division One.—December 1, 1920.]

HALFHILL TUNA PACKING COMPANY (a Corporation), Appellant, v. FISHERMEN'S EXCHANGE SUBSCRIBERS (an Unincorporated Association), Respondent.

[1] INSURANCE—ACTION ON POLICY—OPERATION OF BOAT OUTSIDE DESIGNATED TERRITORY—EVIDENCE—NONLIABILITY FOR LOSS.—In this action to recover on a policy insuring plaintiff's boat against loss by fire "while operated" in certain designated waters north of a given island, the fire and loss having occurred at a certain cove located on the east side of said island and outside the designated waters, the trial court properly concluded that the loss was not covered by the policy, notwithstanding the evidence showed that such cove was the only anchorage available for the use of fishermen who made a practice of fishing in that vicinity.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Anderson & Anderson for Appellant.

F. A. Knight for Respondent.

CONREY, P. J.—Action to recover on a policy insuring property against loss by fire. Judgment in favor of the defendant, from which judgment the plaintiff appeals.

[1] The policy insured plaintiff's boat against loss by fire "while operated in the Pacific Ocean south of Monterey Bay on the north, east of 123 degrees west, and north of San Martin Island on the south." The fire and loss occurred at Hassler's Cove, which is located on the east shore of San Martin Island and near the southerly end of that shore. Evidence was introduced to show that Hassler's Cove is the only anchorage west of the coast available for the use of fishermen in packing their catch, and that it was the custom of fishermen in the vicinity of San Martin Island to anchor in that cove for that purpose; that about fifteen of the boats belonging to members of defendant association (of whom the plaintiff was one) made a practice of fishing in the vicinity of that island, and all of them used Hassler's Cove for the purpose of packing their fish.

Basing their argument upon these facts, counsel for appellant seek to establish respondent's liability by the application of two principles: First, that policies of insurance are to be liberally construed in favor of the assured; second, that a policy of insurance must be construed with relation to those established usages and customs with reference to which the insurance has been issued and which are known to the insurer. Giving full recognition to these principles, and without discussion of the interesting decisions referred to in the briefs, nevertheless we think that they furnish no ground for reversal of the judgment in this case. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, sec. 1638.) "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this title." (Civ. Code, sec. 1639.)

The "other provisions," however, are not applicable to clear and explicit terms of a contract freely entered into without any attendant circumstances of fraud, mistake or accident. The evidence to the effect that fishermen in the described neighborhood were accustomed to pack their fish at Hassler's Cove is not evidence connected in any way with this contract of insurance. No attempt was made to show a custom that for the purposes of insurance, or for any purpose, defendant association or any of its members have ever construed the phrase "north of San Martin Island" as inclusive of Hassler's Cove, or that settlements of loss have been made on that basis. The plain fact is that the destruction of the vessel did not occur north of that island, and the conclusion necessarily follows that the loss was not covered by the policy.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1921.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.

Olney, J., voted for granting a rehearing.