[Civ. No. 5059. First Appellate District, Division Two.—May 2, 1925.]

## MOLLIE J. HOLTHAM, Appellant, v. GEORGE E. SAVORY et al., Respondents.

[1] CONTRACTS—INTENTION OF PARTIES—CONSTRUCTION OF CODE SECTION.—The "other provisions" referred to in section 1639 of the Civil Code, which provides: "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this title," are not applicable to clear and explicit terms of a contract freely entered into without any attendant circumstances of fraud, mistake, or accident.

[2] ID. — EMPLOYMENT OF REAL ESTATE BROKER — CANCELLATION OF AGREEMENT—INTENTION OF PARTIES.—Where an owner of land and a real estate broker enter into a written agreement whereby the latter is employed to superintend the farming of said land, and said agreement contains a provision that the owner places the land in the hands of said broker "for sale for the period of one year from date at a price to be subject to" the owner's approval, and thereafter, and after they have gotten into a dispute over the accounts, but within a year from the making of such agreement, they make the further agreement, which is written on the original contract, and at the end thereof, that "all matters herein contained are fully settled and adjusted and the foregoing contract is hereby canceled by mutual consent of the parties hereto," it is clear that the entire contract, with all its provisions, including the brokerage provision, is canceled.

[3] ID.—AMBIGUITIES—PAROL EVIDENCE.—The rule that the acts and circumstances surrounding the execution of a written agreement are admissible to explain an ambiguity therein is only applicable where the language used in the contract is ambiguous, or fairly susceptible of either one of two interpretations contended for by the parties, in which event parol evidence is always admissible for the purpose of construing the contract according to the true intent of the parties at the time of its execution.

[4] ID.—ACTION TO RECOVER COMMISSION—REFORMATION OF CONTRACT —PLEADING.—In this action to recover a real estate broker's commission, the brokerage agreement having been canceled, there was no writing upon which plaintiff could predicate a right to recover; and if plaintiff was correct in his contention that it was the in-

---

3. General rule that parol evidence not admissible to vary, add to or alter a written contract, notes, 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270. See, also, 10 **R. C. L.** 1065; 10 **Cal. Jur.** 938.

72 Cal. App.—32

tention of the parties to adjust and settle only the portion of the original contract relating to plaintiff's superintendence of the farming operations on the land, and not to cancel the plaintiff's brokerage agreement, his remedy would have been first an appropriate action to reform the cancellation agreement, and not an action to recover the commission provided for in the original agreement which had been canceled.

(1) 22 C. J., p. 1098, n. 96. (2) 22 C. J., p. 1183, n. 74. (3) 22 C. J., p. 1182, n. 73. (4) 9 C. J., p. 558, n. 9; 34 Cyc., p. 907, n. 32.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Berry & Watson for Appellant.

Thomas W. Forsyth for Respondent.

PRESTON, J., *pro tem.*—This action is for the recovery of a real estate broker's commission in the sum of fifteen hundred dollars.

The case was tried by the court without a jury and judgment went for the defendants. From this judgment, and the order denying a new trial, the plaintiff prosecutes this appeal.

The facts necessary for a correct understanding of the questions involved on this appeal can be thus briefly stated:

Defendant George E. Savory owned approximately two hundred acres of land in San Joaquin County, California. Appellant is a duy licensed real estate broker. On January 6, 1923, they entered into the following written contract, to wit:

"Superintendents Contract
"Stockton, Calif. Jan. 6th, 1923.

"This contract is between George E. Savory to be known hereafter as the party of the First Part, and Mollie J. Holtham, to be known hereafter as the party of the second part.

"The party of the 2nd part is to plant, seed and take off a crop of grain or hay (or plant as otherwise directed) on the Simms Ranch of about 110 acres located at Simms Station off the French Camp Road and the Murphy Ranch of

about 90 acres located about 1800 feet East of same on the
same road, the property of the first party.

"When the hay or grain has been taken off, the party of
the 2nd part is to plant the same acreage with Egyptian
corn as a second crop and to harvest and put the same under
shelter or as otherwise directed.

"For the services of the party of the second part, the
party of the 1st part agrees to pay a salary of One Hun-
dred and Twenty Five Dollars ($125.00) or a Dodge Tour-
ing car 1916 model valued at $300.00 and $100.00 monthly
cash. If said party of the 2nd part can rent the buildings
on either or both places said rent shall be placed to the
credit of the party of the 1st part;

"The party of the 1st part hereby agrees that the Dodge
Touring car of $300.00 value may be applied as part pay-
ment on a Chevrolet Coach car 1923 model and credit same to
the credit of the party of the 2nd part said $300.00 to be de-
ducted from the salary of the party of the 2nd part at the rate
of Twenty Five Dollars ($25.00) per month, said party of
the 2nd part agreeing to pay the balance due on the Chevro-
let Coach of $834.63 in three payments of three months each
to protect the party of the 1st part.

"The party of the 1st part places the said properties in
the hands of the party of the 2nd part for sale for the
period of one year from date at a price to be subject to his
approval.

"This contract to expire when ranches are sold or on Jan-
uary 1st 1924.

                "(Signed)    GEO. E. SAVORY, Owner.
                "(Signed)    MOLLIE J. HOLTHAM,
                                    "Superintendent."

Soon after the execution of this contract, the plaintiff
moved upon the property and took possession thereof, and
remained upon the premises until on or about the 26th of
August, 1923, when she removed from the land and took up
her residence in Modesto, California, leaving a caretaker in
charge of the ranch.

Some time prior to October 16, 1923, a controversy arose
between the plaintiff and defendant, George E. Savory, with
reference to the payment of certain bills contracted by plain-
tiff while on the ranch, and the use and possession by plain-
tiff of an automobile, mentioned in the foregoing contract,

belonging to defendant, George E. Savory. During this time the defendants resided in San Francisco and plaintiff went to San Francisco and there met the defendants and they all went to the office of defendants' attorney and there, in the presence of all parties, the attorney for the defendants wrote on the original contract, and at the end thereof, these words:

"October 16th, 1923. All matters herein contained are fully settled and adjusted and the foregoing contract is hereby canceled by mutual consent of said parties hereto''; and the same was then and there signed by both plaintiff, Mollie J. Holtham, and defendant, George E. Savory.

Thereafter, and before January 6, 1924, the ranch was sold to one Paul C. Fisher for thirty thousand dollars, and plaintiff then brought this action to recover a five per cent commission upon the sale price. Defendants answered, denying all of the allegations of the complaint, and as an affirmative defense, alleged that the said original contract relied upon by plaintiff had been canceled by mutual consent, and pleaded the purported cancellation of October 16, 1923, above set forth. A trial was had; plaintiff took the witness-stand in her own behalf and after a number of preliminary questions had been propounded to her by her own counsel on direct examination, and after both the original contract and the purported cancellation were placed in evidence, she was asked by her own counsel this question: "Did you have any conversation with Mr. Savory with respect to the sale of the properties on October 16, 1923," to which an objection was interposed upon the ground that it was "an attempt to alter the terms of a written instrument." Then followed considerable discussion between counsel and the court, and, among other things, the following occurred: Mr. Watson: "I am only attempting to show the court and explain what the parties understood at that time. It is a well known fact, and it is elementary, that the acts and circumstances surrounding the facts are admissible to explain an ambiguity; and that is our purpose in offering this evidence, if your Honor please." The Court: "Well, I don't really see anything about it, except cancellation." Mr. Watson: "That is our case, if your Honor please . . . it is our honest conclusion that the brokerage contract was not canceled, but the superintendent's was. There was nothing in

dispute between them, except their mutual accounts, and those were settled. There were two contracts there which ran to separate dates. . . . There was nothing in dispute so far as the brokerage contract was concerned. There wasn't anything earned at that time by the plaintiff. . . . There is absolutely nothing so far as I can glean from the purported cancellation referring to the brokerage contract at all; and the facts and circumstances surrounding bear that contention out. . . . We might just as well have a ruling upon that . . . if your Honor holds that it is a cancellation. . . . '' The Court: ''That is the way it looks now. Everything contained within the four corners of the paper referred to, and it sees no ambiguity; the meaning is clear, distinct, direct, and positive, and it has all the effects and ear marks of a cancellation. I don't know how else it could be effected. Anything further?'' Mr. Watson: ''It is a question of law.'' The Court: ''Anything further?'' Mr. Watson: ''There is no use going any further, if your Honor please, and that is the reason we are submitting the issue at the present time.'' The Court: ''Very well. Judgment for the defendants.''

Therefore, the sole question for determination on this appeal is: (1) Did the trial court err in holding that the purported cancellation of October 16, 1923, prevented the introduction of parol testimony?

[1] Section 1638 of the Civil Code provides: ''The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.'' Section 1639 of the same code provides: ''When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this title.'' The ''other provisions'' referred to by this section, however, are not applicable to clear and explicit terms of a contract freely entered into without any attendant circumstances of fraud, mistake or accident. (*Halfhill Co.* v. *Fishermen's Exch.*, 50 Cal. App. 231 [195 Pac. 68].)

[2] Measuring the wording of the cancellation of October 16, 1923, by the foregoing rules, we see no escape from the conclusion that it is clear, explicit, and unambiguous and only susceptible of one meaning, and that is, that the entire contract, with all of its provisions, is canceled. Indeed, it

would be difficult to imagine the use of more apt words to convey this meaning.

[3] The rule contended for by appellant is only applicable where the language used in the contract is ambiguous, or fairly susceptible of either one of two interpretations contended for by the parties, in which event parol evidence is always admissible for the purpose of construing the contract according to the true intent of the parties at the time of its execution. (*Balfour* v. *Fresno C. & I. Co.*, 109 Cal. 221 (41 Pac. 876]; *Joy* v. *Rousseau, ante,* p. 179 [236 Pac. 972].) But it is our judgment, as above stated, that the wording of the cancellation contract leaves no room for an application of this rule.

[4] If the contention of appellant be correct, and it was in fact the intention of the parties to only adjust and settle the superintendent's contract, then appellant's remedy would have been first an appropriate action to reform the cancellation of October 16, 1925, but such is not the form of action here presented.

In view of the conclusion that we have reached, that the entire contract was canceled, the other points presented on this appeal become immaterial; for in the absence of some note or memorandum in writing, subscribed by the respondent, George E. Savory, or his agent, appellant could not prevail in this action. (Sec. 1973, Code Civ. Proc., subd. 6.)

It follows, therefore, that the judgment should be, and it is hereby, affirmed.

Langdon, P. J., and Nourse, J., concurred.