[Civ. No. 5537.   First Appellate District, Division Two.—September 2, 1926.]

# K. KURIHARA et al., Appellants, v. DETROIT FIRE AND MARINE INSURANCE COMPANY (a Corporation), Respondent.

[1] Fire Insurance — Equitable Title — Construction of Policy—Contracts.—Under the standard California Fire Insurance Form (which is prescribed by statute) insuring one of the plaintiffs as sole and unconditional owner of certain goods in a store, an equitable title to the insured goods within the meaning of the language contained in the policy, "sole and unconditional ownership," was not established where the insured and another plaintiff, prior to the issuance of the policy, entered into an agreement which provided that the insured was to work for said other plaintiff at stated times for a specified salary and was to receive one-half of the profits, which were to be put back into store business, and that when one-half of the value of the goods had been so paid in the insured should become a partner in the business, and which further provided that in case of loss by fire, such loss should be shared one-half by the insured and the other one-half by his coplaintiff.

[2] Id. — Action on Policy — Ownership of Insured Goods — Evidence.—In this action upon such a policy, the contention of plaintiffs that the insured was an owner at the time the policy was written and not an employee cannot be sustained.

[3] Id.—Holding Goods in "Trust or on Commission"—Finding—Propriety of.—In such action, the trial court properly found that the insured plaintiff did not hold the goods "in trust or on commission."

[4] Id. — Misstatements as to Interests in Insured Property — Finding—Conflicting Evidence.—In such action, the finding to the effect that plaintiffs in their proofs of loss made misstatements as to their interests in the insured property will not be disturbed on appeal, where there was evidence upon the subject, and the power to resolve conflicts in the evidence rested with the trial court.

[5] Id.—Assignment—Rescission—Notice.—In such action, the contention that the defendant had no legal right to rescind the

---

1.   Effect of violation of warranty or condition of sole and unconditional ownership, see notes in 5 **A. L. R.** 808.

policy because the insured plaintiff assigned his interest in the policy to the other plaintiff and because the defendant had notice of the purported assignment is not sustained.

(1) 26 C. J., p. 174, n. 7 New. (2) 26 C. J., p. 172, n. 84. (3) 26 C. J., p. 178, n. 87. (4) 3 C. J., p. 1434, n. 32, 33; 4 C. J., p. 844, n. 66, p. 883, n. 33, p. 1070, n. 25. (5) 26 C. J., p. 446, n. 30.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. A. Knapp for Appellants.

Chickery & Gregory for Respondent.

STURTEVANT, J.—The plaintiffs commenced an action to recover on an insurance policy. The judgment of the trial court was entered in favor of the defendant and the plaintiffs have appealed. The facts were fully stated in the pleadings and the court found:

"1. That defendant, The Detroit Fire and Marine Insurance Company, a corporation, is now, and at all times since its incorporation has been, a corporation organized and existing under and by virtue of the laws of the State of Michigan, and at all times material to this action has been, and now is, duly authorized to do business in the State of California.

"2. That on or about the 1st day of May, 1920, defendant executed and delivered to plaintiff, T. Masuko a fire insurance policy No. 113343 insuring said T. Masuko as 'T. Masuko, doing business as Miyako Company,' a copy of which insurance policy is attached to the original complaint herein, and therein marked Exhibit 'A'; that said policy of insurance was by its terms to run for the period of one year from and after the 1st day of May, 1920; that at some time prior to the 1st day of May, 1921, said policy was extended so as to cover as well the period of one year beginning upon the 1st day of May, 1921.

"3. That from the year 1912 until the year 1917, the store referred to in said policy of insurance was owned and

conducted by plaintiff, T. Masuko, doing business under the name and style of 'Masuko & Company'; that at the expiration of said period, plaintiff, T. Masuko, was adjudged a bankrupt, and his entire stock of goods, together with the lease which he held upon said store, were purchased by plaintiff, K. Kurihara; that said K. Kurihara knew nothing about the running of such a merchandise store.

"4. That on or about the 1st day of January, 1920, plaintiff, T. Masuko, began to work for plaintiff, K. Kurihara, upon a salary basis; that about two months thereafter plaintiffs, T. Masuko and K. Kurihara, entered into an agreement in writing, whereby the business at said store should be conducted under the name of Miyako Company, plaintiff, T. Masuko, receiving $50.00 a month as his salary and one-half of the profits of said business; that under the terms of said agreement said plaintiff, T. Masuko, was to be the manager of said business and devote his afternoons to it; that in case of loss by fire, it was agreed that such a loss should be shared one-half by plaintiff, T. Masuko, and one-half by plaintiff, K. Kurihara; that Masuko was bound by said agreement to put back into the business for the bene-. fit of the store his one-half of the profits which might be realized, it being understood that he should become a partner in the business when one-half of the value of the goods had been so paid in; the profits of the business amounted on an average of $7.50 per day up to the 28th day of December, 1920; that upon said date a fire occurred in said store and all of the goods therein were wholly destroyed by said fire.

"5. That as a result of said agreement in writing, so entered into between plaintiff, T. Masuko, and plaintiff, K. Kurihara, as a result of the transactions hereinabove set forth under said agreement, said plaintiff, T. Masuko, received into said store the goods contained therein and referred to in said policy of insurance under an arrangement which did not provide for the specification or any assumption of liability for said goods by plaintiff, T. Masuko, other than hereinabove set forth, or for the receipt of said goods by said plaintiff, T. Masuko, either in trust, or on commission, or for storage or repairs.

"6. That said policy of insurance was written upon the standard California Fire Insurance Form required by law, one provision of which is as follows: ' . . . this entire policy

shall be void . . . if the interest of the insured be other than unconditional and sole ownership.' That the said policy of insurance, so issued to the said plaintiff, T. Masuko, doing business as Miyako Company purported to insure said plaintiff, T. Masuko, as the unconditional and sole owner of said goods. That plaintiff, T. Masuko, was not, at any time during the life of said policy of insurance, either the sole or unconditional owner of said goods, or any part thereof. That neither defendant, nor any authorized agent of defendant, was informed at the time of the execution and delivery of said policy, or at any time thereafter prior to said loss by fire, that plaintiff, T. Masuko, was other than the unconditional and sole owner of said goods. That there were no circumstances in connection with the issuance or renewal of said policy of insurance which should have put the defendant on inquiry as to the fact that plaintiff, T. Masuko, was not the unconditional and sole owner of said goods.

"7. That subsequent to the happening of said fire and destruction of said stock of goods, and within the time required by the provisions of said policy of insurance, both plaintiffs, T. Masuko and K. Kurihara, rendered to defendant what purported to be verified proofs of the loss of said stock of goods as aforesaid. That in all of said proofs of loss there were contained misstatements as to the interest of both plaintiff, T. Masuko, and plaintiff, K. Kurihara, in said goods, and said misstatements covered matters material to the risk. That said misstatements were so made by both said plaintiff, T. Masuko, and said plaintiff, K. Kurihara, with knowledge of their untrue character, and for the purpose of deceiving and misleading defendant as to the true nature of the respective interests of plaintiff, T. Masuko, and plaintiff, K. Kurihara, in said stock of goods.

"8. That on or about the 15th day of March, 1921, defendant duly served upon plaintiff, T. Masuko, in the City and County of San Francisco, a notice of rescission and denial of liability under the said policy of insurance. That a true copy of said notice of rescission and denial of liability is attached to the answer to the amended complaint upon file herein and marked Exhibit 'A.' That at the time of the service of said notice upon said T. Masuko, the defendant also duly tendered back to said T. Masuko, and said plaintiff,

T. Masuko, accepted, the sum of $41.40 as the premium paid
to defendant upon said policy, which said sum was every-
thing of value which had been received by defendant by
reason of its said policy of insurance from said plaintiff, T.
Masuko, or from anyone.''

[1] The appellants contend that they established an
equitable title within the meaning of the language contained
in the policy, ''sole and unconditional ownership.''
Formerly this contention might have been sound, but the
policy sued upon is what is commonly called the ''California
form,'' which was prescribed by statute. (Stats. 1909,
p. 404.) Since the enactment of that statute the earlier
authorities are no longer applicable. (*Kavanaugh* v. *Frank-
lin Fire Ins. Co.*, 185 Cal. 307 [197 Pac. 99].)

[2] The appellants further contend that under the facts
T. Masuko was an owner at the time the policy was written
and was not an employee. The question is not an open one
in this state. It was directly decided against the appellants'
contention in the case of *Brown* v. *Franklin Fire Ins. Co.*,
178 Cal. 302 [173 Pac. 403].

[3] The appellants further contend that Masuko had an
insurable interest under the policy other than that of owner-
ship. In this connection the appellants state that the policy
was divided into two parts, the body and the rider. And,
under the rider the appellants claim Masuko held the mer-
chandise ''in trust or on commission.'' The trial court
found otherwise, and, as we think, correctly.

[4] The policy provided, among other things, ''This
entire policy shall be voided in case of any fraud or false
swearing touching any matter relating to this insurance or
the subject thereof whether before or after a loss.'' The trial
court in finding number 7, quoted above, found the facts as
contended by the respondent. At this time the appellants
under the headings, ''Alleged Proof One,'' etc., attack the
sufficiency of the showing made by the respondent before the
trial court. In doing so appellants attempt to justify and to
explain and thereupon to contend that in truth and in fact the
appellants did not make ''misstatements as to the interest of
both plaintiff T. Masuko and K. Kurihara in said goods.''
These contentions involve the sufficiency of the evidence, but it
will suffice to say that there was evidence on the subject and
the power to resolve the conflicts in the evidence rested with

the trial court. During the oral argument other findings were also attacked in the same manner and for the same reason. In no one of those attacks was it contended that the finding so attacked had no evidence to support it. But the claim was earnestly presented that the trial court did not correctly weigh the evidence. As stated in the reply to the last point, this court has not the power under these circumstances to disturb the finding as made. Furthermore, if the appellants were dissatisfied with any finding they should have made the point in their opening brief and should have given the respondent an opportunity to answer it.

[5] It will be noted that the fire occurred on the twenty-eighth day of December, 1920. In the following month the plaintiff Masuko attempted to assign his interest in the policy to the plaintiff Kurihara. It is asserted by the appellants that the respondent had notice of the purported assignment and, relying on that fact, the appellants contend that thereafter, to wit, on the fifteenth day of March, 1921, the respondent had no legal right to rescind the policy. (McCarthy v. Mt. Tecarte L. & W. Co., 110 Cal. 687, 691 [43 Pac. 391].) The authority cited is not at all in point as applicable to the facts presented by this case.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.