[Civil No. 2688. Filed April 9, 1928.]

[266 Pac. 13.]

LOUIS PROTO, Administrator With the Will Annexed of the Estate of ANTONIO PROTO, Deceased, Appellant, v. W. F. CHENOWETH, Appellee.

Messrs. Duffy & Robins, for Appellant.

Messrs. Noon & Noon (Messrs. Baker & Whitney, of Counsel), for Appellee.

ROSS, C. J.—The plaintiff on his motion for a rehearing, while admitting that the bill of particulars furnished the defendant was insufficient and defective in substance, urges that because the trial court

thought otherwise and admitted evidence under it, we, instead of directing judgment for defendant, should have sent the case back for a new trial and given plaintiff a chance to make and serve before trial an adequate and sufficient bill of particulars amplifying and explaining the allegations of his complaint.

The law is absolutely mandatory that a plaintiff suing upon an open account must, when demanded by defendant, furnish the latter a bill of particulars of the account "or be precluded from giving evidence thereof." Par. 421, Civ. Code 1913. But we think the furnishing of such bill of particulars, just so it is done long enough before trial to allow the adversary time to meet it, is and should be left to the sound discretion of the trial court. *McCarthy* v. *Mt. Tecarte Land & Water Co.*, 110 Cal. 687, 43 Pac. 391; *Silva* v. *Blair*, 141 Cal. 599, 75 Pac. 162. In other words, the time of furnishing the bill of particulars is not mandatory, but the fact of furnishing it is, and cannot be legally evaded.

The cavalier manner in which plaintiff's counsel treated defendant's repeated demands for a bill of particulars, and their callous indifference to such very just and proper demands, are, in addition to the admission of improper evidence, what prompted us to direct a reversal and the entry of judgment for defendant. Although what plaintiff furnished as a bill of particulars was not a bill of particulars, it was entirely in the power of the court to require one, and had the court done so perhaps the plaintiff could and would have honestly and in good faith endeavored to comply with the court's order and the statute, and had he failed to do so the penalty of excluding all evidence of his demand would properly have followed.

Being satisfied that plaintiff did render professional services for the deceased in his lifetime for

which he ought to be compensated, we have concluded to modify our decision by sending the case back for a new trial.

However, we think it proper to say that the record is replete with error. The court, instead of confining the evidence to the issue, to wit, the value of the "professional services from June 1st, 1921, to November 1st, 1923, rendered the said deceased during his last illness and continuously excepting August, 1922, . . . for 28 months," permitted evidence of services rendered divers other persons before such dates and during the time represented in plaintiff's claim as filed with the administrator. The evidence should have been confined to the issues made.

The order will be that the judgment be reversed and the cause remanded, with directions that a new trial be granted.

LOCKWOOD and McALISTER, JJ., concur.