[Civ. No. 9593.   First Appellate District, Division Two.—April 3, 1935.]

MABEL DORN EARLY et al., Appellants, v. RICHARD
J. H. FORBES, Respondent.

C. D. Dorn and Anthony S. Devoto for Appellants.

Randolph V. Whiting for Respondent.

SPENCE, J.—Plaintiffs sought to recover damages for alleged breaches of certain covenants of a written lease. Among the defenses set up by defendant was that of cancellation of the lease by mutual agreement of the parties prior to the expiration of the term thereof. The cause was tried by the court sitting without a jury. At the close of plaintiff's case, defendant made a motion for nonsuit, which motion was granted. Plaintiffs appeal from the judgment of nonsuit.

The property was leased to defendant by plaintiffs' predecessors in 1922 and the lease was to expire by limitation of time on March 31, 1932. Plaintiffs purchased the property in 1930. Shortly before the expiration of the lease, plaintiff C. D. Dorn, who held a power of attorney from the other plaintiffs, sought to terminate the lease prior to the time fixed by the terms thereof. In doing so, plaintiffs represented that they had leased the premises to a Mrs.

Barker but it appears that the alleged tenant was in fact acting as agent for plaintiffs and that she purchased the furnishings from defendant for plaintiffs. On March 5, 1932, plaintiff C. D. Dorn wrote defendant in part as follows: "If you deliver the house to her on the 15th I will cancel your lease as of that day and pro-rate your rent." On March 10th, he again wrote defendant acknowledging check for the prorated rent due to March 15th and stated, "The pro ration is with the understanding that Mrs. Barker is to purchase your furnishings and take over the premises as of that day, and therefore also as of that day your lease on the same is canceled if the plan is consummated." It is conceded that the plan was consummated and possession was delivered to Mrs. Barker on March 15th. This action was commenced by plaintiffs about one year thereafter and was based upon alleged breaches of the covenants to keep the premises in repair.

Appellants contend that the trial court erred in granting the motion for nonsuit but we find no error in the ruling. While we have found no authorities directly in point on the facts before us, the following cases tend to support the action of the trial court: *Silva* v. *Bair,* 141 Cal. 599 [75 Pac. 162]; *Dyer Bros. G. W. I. Works* v. *Central I. Works,* 72 Cal. App. 202 [237 Pac. 386]; *Holtham* v. *Savory,* 72 Cal. App. 497 [238 Pac. 136]; *Head* v. *Solomon,* 41 Cal. App. 6 [181 Pac. 807]. As was said in *Head* v. *Solomon, supra,* at page 7, "The suit was commenced in March, 1917. If by mutual consent the parties to the contract canceled the same before that time, the suit for its breach could not be maintained."

Appellants have cited several authorities dealing with mere agreements to surrender possession rather than agreements for cancellation but these authorities are not in point. Appellants have also cited certain cases dealing with cancellation by agreement of the parties. (*Bering Mfg. Co.* v. *W. T. Carter & Bros.,* (Tex. Civ. App.) 255 S. W. 243; *Garrett* v. *Danner,* (Tex. Civ. App.) 146 S. W. 678; *Alabama Oil & Pipe Line Co.* v. *Sun Co.,* 99 Tex. 606 [92 S. W. 253].) In *Alabama Oil & Pipe Line Co.* v. *Sun Co., supra,* at page 254, the general rule is stated as follows: "It is true that parties to a contract may agree to cancel it, and, if there be nothing to indicate a different intention, each

party will be fully discharged from all liability under such contract." (See, also, *Bering Mfg. Co.* v. *W. T. Carter & Bros., supra,* at page 252; 13 C. J., p. 603; Black on Rescission and Cancellation, 2d ed, sec. 535.) Here we find nothing to indicate a different intention. There is nothing in the letters agreeing to the cancellation nor in the facts and circumstances in evidence to show that the parties intended to reserve any rights under the lease after the cancellation thereof. Appellants call to our attention certain testimony regarding a telephone conversation between respondent and appellant, C. D. Dorn, which conversation took place "in the forepart of March, probably not over a week before March 15th". This testimony is not helpful to appellants. Appellant C. D. Dorn did testify that there was some discussion regarding a "complete release" and that he told respondent that he wanted to examine the property before agreeing thereto. He testified, "I would not cancel the lease without doing that". On cross-examination it appeared that he had previously examined the property, although on direct examination he stated, "*we* didn't examine the property until after March 15th when *I* went into possession". The only thing certain about this testimony is that said appellant, who wrote the letters regarding cancellation and also testified to said conversation, used the word "cancel" in its ordinary sense implying a complete discharge of the parties from all liability under the lease. Said testimony cannot assist appellants in establishing a different intention.

As the parties agreed to a cancellation of the lease in unqualified terms and as there was nothing in the facts and circumstances in evidence to show that it was the intention of the parties to reserve any rights under said lease after the cancellation thereof, we are of the opinion that the trial court properly granted the motion for nonsuit.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.