[Civ. No. 28864. Second Dist., Div. Four. May 18, 1966.]

ELLEN L. KRAUSE, Plaintiff and Respondent, v. ROBERT ELVIN KRAUSE, JR., Defendant and Appellant.

Donald C. Gallagher for Defendant and Appellant.

David L. Jacobsohn for Plaintiff and Respondent.

KINGSLEY, J.—The sole issue raised on this appeal relates to the construction and effect of section 426b of the Code of Civil Procedure.

Plaintiff wife filed suit for divorce, alleging extreme cruelty in general terms. Defendant husband duly filed his demand, pursuant to section 426b of the Code of Civil Procedure, for a more specific statement of the acts of cruelty relied on.[1] Fifteen days later, plaintiff filed her amended complaint, setting out sundry specific acts. Nine days thereafter, defendant answered, denying the acts as alleged and alleging also that "plaintiff by failing to comply with C. C. P. Section

---

[1]As amended in 1961, and in force at the times herein involved, section 426b read as follows: "In an action for a divorce or for separate maintenance, it is not necessary to plead specific acts constituting cruelty in order to plead a cause of action, unless the adverse party serves and files a demand therefor within the time allowed to answer. If such demand is made, the plaintiff or cross-complainant must amend his pleading accordingly within 10 days after service of the demand, or be precluded from giving evidence of any specific acts constituting cruelty. Such demand shall be in lieu of, and not an alternative to, a demurrer for uncertainty, . . ."

426b is barred from proving any acts of cruelty at the time of trial."[2] No further action was taken until seven months later, when the action came on for trial. It is stipulated[3] that, at that time, defendant objected to evidence as to the specific acts and that such objection was overruled. Plaintiff was granted an interlocutory decree and defendant has appealed.

It is not here contended that plaintiff's amendment, when served and filed, was insufficient in its allegations of specific acts. The sole argument is that, the amendment having been five days late, it was mandatory on the trial court to sustain the objection to plaintiff's evidence.[4] We think the contention to be totally without merit.

We are cited to no cases construing section 426b in its present form, and our research has disclosed none. However, there is precedent for decision of the same point with reference to two other statutory provisions of the same class. Under section 454 of the Code of Civil Procedure, a party who fails to file a bill of particulars within 10 days after demand therefor is "precluded from giving evidence thereof." As early as 1896, the Supreme Court held that, where the bill was filed one day late, but over 40 days prior to trial, the trial court had a discretion to allow evidence to be introduced, the court suggesting, also, that the remedy was by way of a pretrial motion to exclude evidence and not by objection at the trial. (*McCarthy* v. *Mt. Tecarte L. & W. Co.* (1896) 110 Cal. 687 [43 P. 391]; and consult *Silva* v. *Bair* (1904) 141 Cal. 599, 602 [75 P. 162].) Similarly, section 20052 of the Elections Code requires a contestant to deliver a list of allegedly illegal votes at least three days prior to the date set for hearing an election contest under the sanction that "No testimony may be received of any illegal votes except those which are specified in the list." In *Benson* v. *Superior Court, supra* (1963) 214

---

[2]Defendant also cross-complained for divorce. The scanty record before us does not disclose the fate of that pleading.

[3]The appeal is presented to us on a clerk's transcript. The parties agree, in their briefs, that an objection based on section 426b was made at the trial and was overruled. We assume that the objection came early enough in the trial to avoid the problem discussed in *Benson* v. *Superior Court* (1963) 214 Cal.App.2d 551, at pages 565-566 [29 Cal.Rptr. 760].

[4]The clerk's transcript contains the original complaint, the demand, the amended complaint, the answer and cross-complaint and the interlocutory judgment. Although the latter document recites the making and filing of findings, they are not included in the record. Since both parties treat the issue, as above stated, to be properly before us, we do not consider the effect of rule 52 of the California Rules of Court.

Cal.App.2d 551, 561, the trial court had treated this provision as mandatory and rejected evidence. By writ of mandate, the court was directed to exercise a discretion "in determining whether the failure to deliver the list within the statutory time . . . prevented the defendant from preparing his defense."[5]

We think the same result follows under section 426b. The language used by the Supreme Court in *McCarthy* is equally appropriate here: "In the simplification of pleadings it [the statute] is designed to protect the adverse party from embarrassment upon the trial, by enabling him to demand and obtain in advance a detailed statement of the items charged against him. If the demand is not complied with, then, for the refusal or gross neglect, the prescribed penalty may be exacted. If the demandant receives the copy long enough before the trial to enable him to examine it and prepare his defense, so far as he is concerned the statute has fulfilled its usefulness. It would be to the last degree oppressive to hold that a plaintiff must lose his cause of action because, though he furnished the copy of his account more than forty days before the trial, he had served it upon the sixth instead of the fifth day after demand." (*McCarthy* v. *Mt. Tecarte L. & W. Co., supra* (1896) 110 Cal. 687, 692.)

Defendant, if we understand him, seeks to argue that a complaint which alleges cruelty in general terms, although sufficient absent a demand, fails to state a cause of action once a demand has been made—referring to language in *Heller* v. *Heller* (1948) 88 Cal.App.2d 603 [199 P.2d 44], which discusses the previous section 426b under which particulars were sought by means of a demurrer for uncertainty—and that failure to state a cause of action can be raised at any time. Whatever may be the situation if no amendment is ever filed, it is clear that, when the trial stage was reached, there was on file a pleading which did state a cause of action and that, in the face of that pleading, an objection of "no cause of action," if it ever existed, had become unavailing.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[5]As we have pointed out above, in footnote 4, appellant has chosen not to provide us with either the trial court's findings of fact or a reporter's transcript of the trial. Under these circumstances, we must assume that the trial court's implied finding that defendant was not prejudiced in preparing his defense was proper and that the trial court's discretion was properly exercised.