## CONNER *v.* HUTCHINSON.

To suit on a note, defendant in general terms, without items, set up an account for work and labor, and for money paid, etc. Plaintiff asked for a copy of the account, which defendant furnished. Plaintiff gave notice that he would move the Court "for a further account of particulars, etc.;" and on hearing, the Court ordered that "defendant furnish said further bill," which he did. On the trial plaintiff offered his note and rested. Defendant offered evidence of the account set up in the answer, to which plaintiff objected, on the ground that "defendant had not furnished an additional bill of particulars," and the Court ruled out the evidence : *Held*, that the Court erred : 1st, because the order for a further account was defective, in not stating the particulars in reference to which a further specification was required ; and because 2nd, if the bill of particulars delivered under the order of the Court was not satisfactory, and plaintiff intended to object to any evidence upon the subject, he should have obtained, *previous to the trial*, an order excluding such evidence.

Without an order before the trial excluding evidence of the account in such cases the Court cannot on the trial exclude it.

Where a copy of the account sued on, or set up in the answer, is called for under the fifty-sixth section of the Practice Act, the items of the account furnished must be set forth with as much particularity as the nature of the case admits of ; but the law does not require impossibilities, and if the party give the items as definitely as he can, he does not forfeit his rights because of his inability to comply with a further demand for particulars.

APPEAL from the Sixth District.

Plaintiff sued on a note for three hundred and fifty dollars with interest. Defendant answered that at the time of the commencement of the suit plaintiff was, and still is indebted to defendant in the sum of five hundred dollars, for work and labor, etc., and for money paid out and expended, and set this up as a counter claim, asking judgment for the difference.

Plaintiff gave defendant the following notice : "I demand of you a copy of the account to which you allude in your answer, and claim to be an offset in this cause." Whereupon defendant furnished, in substance, this bill :

"HENRY CONNER
         "To C. J. HUTCHINSON,      Dr.
" For his proportion of indebtedness, five forty-eighths, for personal services and expenditures in the matter of the

claimants for a certain ranch in Yolo county, called " *Laguna de Santos Calle* " v. *The United States,* under agreement dated ———, to which said Conner is a party.

Total services $5000.   Conner's proportion is                    $520.00

" Cash expended, about $1000, and liabilities assumed and not yet paid, C.'s proportion                               104.15

" Total, aside from the liabilities not yet paid,        $624.15
                              " W. & H.
                                   " Defendant's Attorneys."

Plaintiff then notified defendant that on the third of June, 1859, he would move the Court for a " further account of particulars of the claim alluded to in your answer, the bill rendered being too general for any practical use."   This motion having been heard, July 8th, 1859, the Court ordered, defendant excepting, that " defendant furnish said further bill ; " and on the twenty-ninth of July defendant furnished a bill, in substance this :

" First, general particulars.

" Services rendered by defendant prior to February, 1858, in matter of confirmation of title to rancho " Laguna de Santos Calle " unto E. L. Brown *et al.,* (claimants) of whom plaintiff is one, and which services were rendered by defendant in pursuance of an agreement made between plaintiff, defendant, one Davis, and others, as claimants, dated March 6th, 1856.

" Subdivided.

" Looking up testimony, documentary and other, consultations with counsel ; taking a general supervision and management of the case other than what belongs to counsel ; traveling between Sacramento and San Francisco from twelve to fifteen times, from Sacramento to Los Angeles once ; attending to examination of witnesses and procuring their attendance.   Which services are worth $5000, of which plaintiff, under said agreement, is bound to pay five forty-eighths, making five hundred and twenty dollars.

" For further explanation of above charge, defendant refers to deposition of W. W. Stow on file.

" Expenses and disbursements in attending to the above business,

as near as can be ascertained, no minute account of the items hav-ing been kept, $1,200 ; the five forty-eighths of which is one hun-dred and twenty-five dollars."

On the trial, in Oct., 1859, plaintiff offered in evidence the note sued on and rested.   Defendant then read in evidence an agree-ment, dated March 10th, 1856, between Davis and others, plaintiff and defendant among them, to partition among themselves as own-ers the rancho referred to above, and to appoint two agents to take the necessary steps for such partition, and also afterwards to prose-cute vigorously the claim for the rancho before the United States Courts, employ counsel, procure witnesses, etc., all expenses to be borne by the parties in proportion to their interest—Davis and defendant being appointed such agents by the agreement.   Defend-ant next offered in evidence the deposition of W. W. Stow taken in the cause, to which plaintiff objected, on the ground that defendant had not furnished an additional bill of particulars.   Objection sus-tained, and the evidence ruled out, defendant excepting.

The deposition of Stow proved the services of defendant and their value about the confirmation of the claim for the rancho, as stated in defendant's second bill of particulars.

The Court directed the jury to find for plaintiff in the sum of four hundred and eighty-seven dollars and costs—the amount of the note with interest.   Verdict and judgment accordingly.   Defendant appeals.

*Winans & Hyer*, for Appellant.

*John Heard*, for Respondent.

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

The order requiring a further account in pursuance of the fifty-sixth section of the Practice Act, is defective and insufficient.   The particulars, in reference to which a further specification was required, should have been stated in the order.   This was not done ; and it was error to preclude the defendant from giving evidence of the account set up in the answer.   There is also another reason for holding that the exclusion of this evidence was improper.   If the

account, as delivered, was not satisfactory, and the plaintiff intended to object to the introduction of evidence upon the subject, an order for its exclusion should have been obtained previous to the trial, and it was too late to invoke the action of the Court upon the production of the evidence.   Upon both of these points we are borne out by the practice in New York, under a similar statute.   In *Kellogg* v. *Paine* (8 Pr. R. 329) the Court said : " The defendant having, upon the demand of the plaintiff, furnished an account which, upon the application for the order, was adjudged to be defective, the points in respect to which a further specification was required should have appeared in the order.   This was the former practice when a further bill of particulars was required, and it is equally important now.   Whether, in case of the failure of the party to comply with an order for a further account, either by delivering an insufficient account, or omitting to deliver any account at all, an application should be made, upon motion, to preclude such party from giving evidence of the account claimed in the answer, or whether the objection should be taken at the trial, is, perhaps, not very well settled.   The more convenient practice undoubtedly is to have the question settled before the trial.   Where an effort had been made to comply with an order for a further account, it might operate as a surprise upon the party to meet an objection to the sufficiency of his account for the first time at the trial.   In such cases at least, and I am inclined to think in all cases, it would be the better practice for the party who intends to preclude his adversary from proving an account on the ground that he has not complied with a demand or order for the particulars of such account, to apply for an order to that effect before the trial."

We express no opinion as to the sufficiency or insufficiency of the account delivered.   The items must in all cases be set forth with as much particularity as the nature of the case will admit ; but the law does not require impossibilities, and the party called upon to account is not subjected to the necessity of doing an impracticable thing.   If the specifications are as precise and definite as he can make them, we do not see what more can be required.

Judgment reversed, and cause remanded for new trial.