[No. 8,504.—Department One.]
November 24, 1882.

## A. L. HART *v.* JONAS SPECT ET AL.

BILL OF PARTICULARS—ACCOUNT—EVIDENCE—PRACTICE.—After the plaintiff had on the demand of the defendants served a bill of particulars, and under an order of the Court had furnished the defendants a further account in writing of the items of the plaintiff's claim, the defendants, without asking an order for a still further account, moved the Court for an order that the plaintiff be precluded from giving any evidence in support of his complaint, which motion was denied.

*Held:* An order precluding a party from giving evidence in support of his claim is proper only where such party has failed or refused to deliver to the adverse party on demand a copy of his account; and that the motion in this case was properly denied.

APPEAL by the defendant Jonas Spect, from the judgment of the Superior Court of the County of Colusa. BLANCHARD, J.

Action to recover the value of legal services. Trial before a jury. Verdict for plaintiff. The facts are stated in the opinion of the Court.

*Dyas & Bridgford,* for Appellant.

The only point presented by the record in this case is whether or not the Court erred in denying defendants' motion to preclude plaintiff from giving any testimony as to the account sued upon.

Section 454 of the Code of Civil Procedure reads as follows: " It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The Court, or Judge thereof, may order a further account, when the one delivered is too general or is defective in any particular."

In making the motion for the order to preclude plaintiff from giving testimony, defendants followed literally the rule of practice in such cases laid down by this Court in the case of *Conner* v. *Hutchinson,* 17 Cal. 280.

*A. L. Hart,* Respondent, *in propria persona.*

The bill of particulars served by the plaintiff upon the defendants in pursuance of the order of the trial Court, requiring an additional bill of particulars, was a sufficient compliance with such order. It set forth the items of the account sued on with as much particularity as the nature of the account would admit.

The object to be secured by requiring a bill of particulars to be furnished to a defendant in an action is, that he may be apprised of the particular nature of the demand made, and what will be attempted to be proved against him at the trial. This object was accomplished by the one furnished in the present case. (See *P. T. Co.* v. *Prader,* 32 Cal. 638.)

Section 454 of the Code of Civil Procedure, under which

the motion of defendants was made, does not authorize the trial Court to make an order precluding a plaintiff from giving any evidence of an account sued on, when he has, in good faith, furnished the defendant with a bill of particulars containing the items of the account, as far as it is in his power to do so. The section simply provides that if he fails to furnish the adverse party with a copy of the account, he shall be precluded from giving evidence thereof; and that when an account is furnished, if too general, the Court may require a more particular one.

The COURT:

The complaint is to recover the value of legal services. Defendants demanded a bill of particulars, which was served. The Court made an order that plaintiff furnish a further account in writing of the items of the claim, setting forth the number of suits in which services were performed, the title of each suit, and the value of the services rendered in each suit, together with the date at which each item of service became due.

Plaintiff then served the further account following:

" JONAS SPECT AND LOU G. SPĒCT,

                                    To A. L. HART,          Dr.

" May 19, 1880—To services as attorney-at-law, in litigation involving the title to lots in the town of Colusa .......... $10,000

                                    Cr.

"December, 1881—By cash paid.................        500
                                                    ———————
        " Balance..............................      $9,500

" This litigation embraced the trial of the following causes, to wit: _Spect_ v. _Gregg_, District and Supreme Courts; _Spect_ v. _Bundy_, District and Supreme Courts; _Hagar_ v. _Spect_, District and Supreme Courts; _Montgomery_ v. _Spect_, District and Supreme Courts; _Spect_ v. _Arnold_, District and Supreme Courts.

" Said litigation also involved the management and trial of the following causes, up to the nineteenth day of May, 1880, to wit: _Spect_ v. _Cheney_, No. 930; _Yates_ v. _Shearer and Dean_; _Spect_ v. _McGrath et al.; Spect_ v. _Gill; Spect_ v. _Town of Co-_

*lusa; Spect* v. *Minchum; Spect* v. *Warner; Spect* v. *Liening; Spect* v. *Peyton; Spect* v. *Grover; Spect* v. *McLaughlin; Spect* v. *Cheney,* No. 797 ; *Spect* v. *Spittler; Spect* v. *De Jarnatt.* Said services involved the general management of said litigation, and entitled me to a fee for the entire service, the amount of which. was not fixed, but was contingent upon final success or recovery, hence there is and can be but one item of charge to the account. Respectfully,

"A. L. HART."

Defendants moved, that, inasmuch as plaintiff had failed to comply with the order of the Court, plaintiff be precluded from giving any evidence in support of his complaint. The Court denied the motion and defendants excepted.

It will be observed that no application was made to the Court below for an order for a further account. It is only where a party has failed or refused to deliver to the adverse party on demand, a copy of his account, that the latter is entitled to an order that the former be precluded from giving evidence.

Judgment affirmed.