[No. 12693.   Department One. — May 31, 1890.]

A. W. GRAHAM, RESPONDENT, *v.* W. F. HARMON
ET AL., APPELLANTS.

APPEAL. — REVIEW OF CONFLICTING EVIDENCE. — When a finding of the court below is based upon conflicting evidence, which is not wholly documentary, and any part of the evidence is sufficient to support the finding, it must be taken as conclusive upon appeal, and cannot be disturbed.

ASSUMPSIT — ACCOUNT — BILL OF PARTICULARS — ERRONEOUS CHARGES AND CREDITS — EXPLANATORY EVIDENCE. — When the bill of particulars furnished in an action upon an account contains certain erroneous charges and credits which constitute an offset to each other, it is proper to allow the plaintiff to explain the items in the bill of particulars, and to show that such charges and credits grew out of the blending of several distinct accounts in one by mistake.

ID. — CORRECTNESS OF BILL OF PARTICULARS — TRUTH OF ITEMS — EXCLUSION OF EVIDENCE. — The plaintiff is only required to furnish a correct copy of his books of account in a bill of particulars, when demanded pursuant to section 454 of the Code of Civil Procedure. The truth of the items of the account is the very point in issue, and the penalty of being precluded from giving evidence of the account only applies where the party of whom the copy of the account is demanded in writing refuses to furnish the same.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion.

*John A. McQuaid*, for Appellants.

*J. H. G. Weaver*, for Respondent.

GIBSON, C. — Judgment passed for the respondent in this action for $219.77, without costs, which sum consists of $12.10 for services rendered by him to defendants, between the seventeenth and twenty-eighth days of December, 1886, and the remainder for a balance due upon an account between them.

The main question presented for consideration here is, whether the findings of fact are supported by the evidence.

The defendants, who were engaged in the business of

conducting a theater and skating-rink in Eureka, during November and December, 1886, employed the plaintiff as their manager, whose duty it was to sell tickets of admission to the entertainments and performances given by the defendants, and to pay all the expenses thereof.

Before the trial, defendants, under section 454 of the Code of Civil Procedure, demanded of and obtained from plaintiff a copy of the account sued upon, which showed that he had received $1,250.78, and paid out $1,797.63, being $546.85 more than he received.

Among the items charged to the defendants is one for thirty-two dollars for eight days' services, at four dollars per day, rendered by plaintiff to defendants. These services were declared upon as a separate cause of action in the complaint; to which defendants replied in their answer by denying that such services were worth any greater sum than one dollar and fifty cents per day; and averred that plaintiff agreed with them that in consideration of the exclusive privilege of maintaining a stand in their theater for the sale of cigars, etc., he would render the services for which he seeks compensation in money. On the trial, plaintiff testified that he made no such agreement with the defendants; that he did not have a stand in the theater while he was a manager, but only for a few nights, long prior to his engagement as manager; that there was no understanding or agreement respecting the amount he should receive for his services as manager, but that from four to five dollars per day therefor would be reasonable. That portion of plaintiff's testimony in which he denies the agreement respecting the privilege of selling cigars, etc., in the theater, was contradicted by defendant Harmon and one of his actresses, who testified that the only compensation he was to receive for his services was the privilege referred to. On this point the court found against the defendants, and in favor of plaintiff, to the extent of $1.50 per day for eight days, as stated in the answer.

The finding of the court, based on conflicting testimony, that the agreement contended for by defendants did not exist, must be regarded as conclusive here; and as the value of the services testified to by plaintiff was uncontradicted, the court might well, and perhaps should, have found in his favor to the extent of four dollars per day for eight days' services. There is, therefore, not only evidence enough to support this finding, but one much more favorable to the plaintiff.

Upon the other cause of action, involving the account, the court found that, between October 1, 1886, and the commencement of the suit, plaintiff paid defendants $207.77 in excess of what he had received upon their account. It was developed by the testimony of the plaintiff in explanation of the account involved, which he kept himself, that he had but little knowledge of such matters, and attempted to keep several accounts in one. "This account," says the learned judge who tried the case, "is made up in such a manner that it is very difficult to understand it; and it would seem that the plaintiff has blended therein his own personal account as treasurer with the accounts of the defendants with different members of the theatrical company, which plaintiff kept as a sort of manager and treasurer of the company, and in this way he charges himself with money and board-accounts never received by him nor properly charged to him, and to offset which he claims credit for board-bills never paid by him, and money never paid out by him in person. Thus he claims credit for money which the account on its face, in some instances, shows was paid by defendants, and for other sums paid to different persons which he testifies were in fact paid by one or other of the defendants, his explanation being that while such payments for which he credits himself were made by Harmon or McKay, he charged himself as manager or treasurer with having received this same money from them, and which, if true, would make the

erroneous credit just offset the erroneous charge. That the bill of particulars was made up in this manner, was not seriously disputed in the evidence."

The defendants, one of whom was sworn and examined as a witness, made no attempt to disprove the explanation given by plaintiff as to the manner in which he had confused the several accounts, but they endeavored to show, by two members of their troupe, who were interested in knowing what the receipts of the several entertainments were, that he, plaintiff, had reported to them larger receipts than his account showed he had charged himself with, and that he had not charged himself with the receipts of the performances given upon November 15th, December 1st, 3d, 10th, and 22d. Respecting the items on the credit side of the account, they testified that many of them were not paid out by plaintiff, but by other persons, except certain of them which he paid out in part.

The court, it seems, charged the plaintiff with $168.50, the aggregate receipts of the first three of the five performances, which the last-mentioned witnesses said were not on the debit side of plaintiff's account, and after this was deducted from the amount it still appeared he had paid out $207.77 in excess of what he had received, as found by the court. This finding, too, like the one first considered, it is clear, rests upon evidence sufficient to sustain it; and as the evidence is conflicting as to most of the items of the account, the finding cannot be disturbed; for where a review of the evidence, when it is not wholly documentary, shows it to be conflicting, we cannot, under the settled doctrine of this court, proceed further.

It was not error to permit the plaintiff to explain the items in the bill of particulars, or the copy of the account he furnished to defendants prior to the trial, pursuant to section 454 of the Code of Civil Procedure. The book or books from which it was taken were brought into court,

and it is not disputed that the copy furnished was a correct one. That is all the plaintiff was required to do. The truth of the items of the account was the very point in issue, and his testimony in explanation of the items which he carried into his account by mistake was properly received as tending to show the true state of the account.

The penalty of being precluded from giving evidence of the account, provided for in said section, only applies where the party, of whom a copy of the account in controversy is demanded in writing, refuses to furnish the same.

We therefore advise that the judgment and order appealed from be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.