[L. A. No. 2897. Department One.—May 28, 1912.]

UNION LUMBER COMPANY (a Corporation), Respondent, v. A. E. MORGAN et al., Defendants; ROSE E. JANES and MARY E. WEBSTER, Appellants.

KING LUMBER COMPANY (a Corporation), Respondent, v. MARY E. WEBSTER et al., Defendants; MARY E. WEBSTER and ROSE E. JANES, Appellants.

MECHANICS' LIENS—EVIDENCE—MATERIALS USED IN BUILDING.—In an action to foreclose a materialman's lien, the evidence is held suffi-

cient to support the finding that all of the material for which the lien was claimed was in fact used in the construction of the building.

ID.—ACTION TO FORECLOSE LIENS—ASSIGNED CLAIMS—INCOMPLETE BILL OF PARTICULARS—WAIVER OF RIGHT TO PRECLUDE EVIDENCE.—In an action to foreclose materialmen's liens, some of the claims for which had been assigned to the plaintiff, and in which the plaintiff, in response to a demand for a bill of particulars, had served a bill which only embraced the items of its own account, the defendants waived their right to have the plaintiff precluded from giving evidence on the assigned claims by failing to ask for a further account or to make any objection to the one delivered.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellants.

W. W. Kaye, and F. E. Borton, for Respondents.

ANGELLOTTI, J.—These are appeals by defendants Mary E. Webster and Rose E. Janes from a judgment and from an order denying their motion for a new trial in two actions for the foreclosure of alleged mechanics' liens on certain real property situated in the city of Bakersfield, which were consolidated in the lower court. The claims of liens were for materials furnished one A. E. Morgan, a contractor, to be used by him in the construction of a dwelling-house for defendant Mary E. Webster on said land, the contract between him and said Webster being invalid because, being for an amount exceeding one thousand dollars, it had not been filed in the county recorder's office as required by law. Said contractor was a party defendant in said actions, defaulted therein, and has not appealed from the judgment. The only relief granted by the judgment so far as defendants Webster and Janes are concerned, was the making of the amount found due plaintiffs, with costs, a lien upon the property and the building constructed thereon, and the provision for the sale of such property and the application of the proceeds to the payment of such amounts. It is not questioned that the findings of the court to the effect that the defendant Janes about the time of the making of the contract

by defendant Webster with Morgan transferred all her interest in said property to said Webster are correct, or that, as declared by the judgment, said defendant Janes "has no right, title or interest in said premises or any part thereof."

1. The complaint of the Union Lumber Company embraced three causes of action, one being for $180.20 for lumber furnished by it to said Morgan to be used in said building, and the other two being upon claims for materials furnished by others and assigned to it. As to the lumber so furnished by plaintiff, the complaint alleged that the same was in fact used by said Morgan in the construction of said building. The trial court found this allegation to be true. It is claimed that this finding is not sufficiently supported by the evidence. We have examined the evidence upon this point. While Morgan's positive testimony on direct examination to the effect that all of the lumber was used in the construction of the building was somewhat shaken on cross-examination as to a portion of the materials, we think that there was enough in the testimony to legally support the conclusion of the trial court.

2. It is claimed that the trial court erred in allowing the plaintiff Union Lumber Company to introduce evidence concerning its second and third causes of action, embracing the claims of its assignors Gus Schamblin and the Bakersfield Hardware Company, being respectively for the amounts of $236.27 and $49.15, on the ground that said plaintiff had not complied with the demand in writing of defendants for a bill of particulars. (See Code Civ. Proc., sec. 454.) It appears from the record that a single written demand for the items of all three claims was served upon said plaintiff in March, 1909, and that in response to this demand a bill of particulars of the claim of the Union Lumber Company was delivered to the attorney for the defendants. Counsel for said company asserted that the bill included the items of the other claims, and counsel for defendants asserted that he never received a statement of such other items. No application was made by defendants' counsel for any further account, and the trial of the action was not commenced until September 16, 1909. It was stipulated on the trial that the materials embraced in both the Schamblin and the .Bakersfield Hardware Lumber Company claims were in fact delivered and were reasonably worth the amounts charged, the only objection reserved being that no

proof could be made of the claims for want of service of a bill of particulars.

It is manifest that no injury was suffered by defendants by reason of the failure to furnish a bill of particulars as to these claims, if there was any such failure. Defendants affirmatively stipulated on the trial that the claims were correct. Admittedly, plaintiff Union Lumber Company did not refuse to furnish a bill of particulars. It served a bill which at least embraced the items of its own account. This bill so served purported to be in answer to defendants' demand. If it was not as complete as defendants desired it to be or if it was objectionable in any respect, we are of the opinion that defendants waived their right to have the plaintiff precluded from giving evidence thereon by failing to ask for a further account or to make any objection to the one delivered. (See *McCarthy* v. *Tecarte etc. Co.*, 110 Cal. 693, [43 Pac. 391]; *Graham* v. *Harmon*, 84 Cal. 185, [23 Pac. 1097]; *Silva* v. *Bair*, 141 Cal. 602, [75 Pac. 162].)

3. The motion to strike out all the evidence of Morgan given on his direct examination as to the use made of the lumber furnished by the Union Lumber Company on the ground that the same was hearsay was properly denied. As to a large portion of such lumber, at least, there was no basis at all for the contention that such testimony was open to any such objection.

4. The only objection made to certain "tags" showing lumber sold by the Union Lumber Company to Morgan was that some of them had been changed and altered. The changes and alterations were explained in a manner satisfactory to the trial court, and we cannot say that the court erred in overruling the objection.

5. We are unable to see wherein the lien of the King Lumber Company was defective.

We find no other matter requiring notice.

The judgment and order denying a new trial are affirmed.

Sloss, J., and Shaw, J., concurred.