[Civ. No. 5568. First Appellate District, Division Two.—April 26, 1927.]

ANNA MAE FISHER, Respondent, v. THEODORE WILLARD BROTHERTON et al., Appellants.

[1] FRAUD—CONTRACTS—EXCHANGE OF REAL PROPERTY—RESCISSION—PLEADING.—In an action to rescind a contract for the exchange of real properties, a complaint alleging that false representations were the inducing cause of the contract and that it was made on account of them, sufficiently alleged that without the representations the contract would not have been made.

[2] ID.—EXCHANGE OF REAL PROPERTY—RESCISSION—PLEADING—DAMAGES.—In an action for the rescission of a contract on the

----

1. See 12 Cal. Jur. 750; 12 R. C. L. 352.

2. Necessity of showing damage in order to give purchaser right to rescind contract of sale on ground of fraud, note, 14 Ann. Cas. 261. See, also, 12 Cal. Jur. 813; 12 R. C. L. 422.

ground of fraudulent misrepresentations, no express allegation of pecuniary damages is necessary, but it should be alleged that plaintiff has suffered injury to her property rights by reason of the fraud.

[3] ID.—PLEADING—FAILURE TO ALLEGE INJURY TO PROPERTY RIGHTS — TRIAL — WAIVER. — In such action, although plaintiff did not plead any injury to her property rights, the judgment will not be reversed for that reason, where there was no demurrer to the complaint and the action was tried without objection and upon the theory that the complaint was sufficient.

[4] ID.—ALLEGATIONS OF FRAUDULENT REPRESENTATIONS—EVIDENCE.— In such an action, it is not necessary to prove that all the specifications of fraudulent representations are true.

[5] ID. — ADEQUACY OF WATER SUPPLY — QUALITY OF SOIL — MATERIAL REPRESENTATIONS.—In such action, representations by defendant as to the adequacy of the water supply and the productivity and quality of the soil constituted representations of material facts within the knowledge of defendant, and, being untrue, were sufficient to support the rescission of the contract.

[6] ID.—DISCOVERY OF FALSITY OF REPRESENTATIONS—LACHES—EVIDENCE.—In such action, where the representations as to the adequacy of the water supply and the productivity and character of the soil could be proved false only by a thorough examination by experts or by personal experience gained by actually farming the land over a considerable period of time, a delay of nine months on the part of plaintiff in making her discovery of the falsity of the representations and in rescinding the contract was not such an unreasonable delay as to bar a recovery.

[7] ID.—EVIDENCE—INTEREST OF AGENT—SECRET PROFITS.—In such action, the trial being before the court in equity sitting without a jury, the ruling of the trial court refusing defendant permission to make proof that the agent, who conducted the exchange, was financially interested with plaintiff in the transaction and received a profit other than the commission therefor, although error, was not prejudicial, where the relationship of the agent which defendant sought to prove was assumed by the court to have been proved when the ruling was made.

[8] ID. — REPRESENTATIONS BY DEFENDANT — CROSS-EXAMINATION OF PLAINTIFF CONCERNING—NONPREJUDICIAL ERROR.—In such action,

---

4.  See 12 Cal. Jur. 834.

5.  What amounts to false representations of existing fact, note, 1 Ann. Cas. 980. See, also, 12 Cal. Jur. 730; 12 R. C. L. 245. Right to rely on representation by vendor as to quality or condition of soil, note, L. R. A. 1917C, 273. See, also, 12 R. C. L. 277, 385.

6.  See 12 Cal. Jur. 796.

the error of the trial court in refusing to permit defendant to cross-examine plaintiff regarding certain oral representations which she alleged were made by defendant was without prejudice, where the inquiry was covered at another period and the court in respect thereto found for defendant.

[9] BILL OF PARTICULARS—NONCOMPLIANCE WITH DEMAND FOR—TIME —EVIDENCE.—Under section 454 of the Code of Civil Procedure, when a party fails to comply with a demand to furnish a bill of particulars in an action on an account within five days after the demand, he is precluded from giving any evidence on the subject matter of the account.

[10] ID.—FAILURE TO FURNISH BILL OF PARTICULARS—EVIDENCE—ERROR.—In this action to rescind the exchange of real property and to recover moneys expended in the care, operation, or maintenance thereof, where defendant demanded a bill of particulars, which was not furnished until the first trial of the action and the granting of a new trial, and not within the time required by section 454 of the Code of Civil Procedure, which provides that failure to furnish a bill of particulars within five days after demand shall preclude the introduction of evidence of the account, the trial court erred in admitting evidence of the subject matter included in the demand, where no application for relief was made under section 473 of the Code of Civil Procedure.

(1) 9 **C. J.**, p. 1235, n. 98. (2) 9 **C. J.**, p. 1236, n. 2. (3) 4 **C. J.**, p. 927, n. 42. (4) 9 **C. J.**, p. 1234, n. 90, p. 1249, n. 44, p. 1259, n. 78. (5) 23 **C. J.**, p. 198, n. 34, 36, 37. (6) 9 **C. J.**, p. 1205, n. 11, 13. (7, 8) 4 **C. J.**, p. 969, n. 40, p. 1019, n. 76; 9 **C. J.**, p. 1254, n. 93; 40 **Cyc.**, p. 2498, n. 71. (9, 10) 31 **Cyc.**, p. 582, n. 5.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Wm. A. Freeman and C. E. Spencer for Appellants.

Kemp, Mitchell, Silberberg & Davis, Kemp, Partridge & Kemp and Mitchell, Silberberg & Davis for Respondent.

NOURSE, J.—Plaintiff sued to rescind a contract for the exchange of real properties executed on September 20, 1917.

9. See 21 Cal. Jur. 69; 21 R. C. L. 481.

Judgment went for the plaintiff, from which the defendants have appealed on a bill of exceptions.

The complaint is based upon charges of fraudulent misrepresentations on the part of the defendant T. W. Brotherton, who will hereafter be referred to as the defendant, inasmuch as the property exchanged was his separate property and his co-defendant took no part in the transactions. The complaint alleged that at the time of the exchange the plaintiff was the owner of certain real property situated in Los Angeles County of the value of $23,500 subject to a mortgage of $7,500, and that the defendant was the owner of a ranch situated in San Diego County of the reasonable value of $10,000 and of personal property on the ranch of the reasonable value of $1,500; that the defendant caused a certain written prospectus or advertisement to be prepared which contained many false representations, namely, as to the climate on the ranch, the water supply and its value, the quality of the soil, the description and value of the lands, the values of the buildings, improvements, livestock, equipment and household furniture, and the estimates of the crops and the values thereof. It was also alleged that in addition to the misrepresentations contained in the written paper the defendant orally represented to the plaintiff facts relating to the number of cattle and horses on the ranch, material for building a fence and for repairing a dwelling-house, the quantity of wheat and hay then upon the ranch, that a certain spring was on the ranch and available for the water supply, and that there was sufficient water available to irrigate a seventy-acre field of alfalfa; that the net income from the cows on the ranch was $90 per month; that the farm implements were in good condition; that the ranch was a money-maker and paid interest on $20,000, and that a tractor had been rented for $6 per day and with the income from the chickens had been sufficient to pay running expenses; and that all these oral representations were false and untrue and that they were known to have been untrue by the defendant. It was also alleged that the plaintiff went into possession of the ranch on October 1, 1917, and spent the sum of $6,860 in the operation of the ranch before she discovered that any of the representations alleged were untrue. In this connection it is alleged that the plaintiff did not discover that these representations were untrue until

about the month of July, 1918, and that she thereupon gave to the plaintiff written notice of rescission offering to restore everything of value which she had received upon condition that the defendant would do likewise and also that he would pay to her all moneys which she had paid out, amounting to said sum of $6,860.

The answer denied all the charges of false misrepresentations and alleged that the plaintiff herself was the one who brought about the exchange of the properties; that she falsely represented the value of the property which she transferred to the defendant; that none of the alleged false oral representations was made by the defendant and that in fact all said oral representations pleaded in the complaint as untrue were in fact true. In reference to the spring, it was alleged that prior to the transfer the defendant informed the plaintiff that he had not had his land surveyed, that he did not know whether said spring was on his property, that he was informed and believed that it was, but that the matter was in dispute. It was also alleged that this information was given to the plaintiff in September, 1917, but that the plaintiff made no complaint regarding this or any other representation claimed to have been false until after September 3, 1918, when the defendant demanded of the plaintiff that she meet the payment of accrued interest on the mortgages given to him as a part of the exchange.

The trial court found that the value of the property exchanged by the plaintiff was $16,000, subject to a mortgage of $7,500, and was not of the value of $23,500, subject to this mortgage, as represented by the plaintiff at the time of the exchange and as alleged in her complaint. It found that prior to the exchange the plaintiff was ignorant of the character and value of the farm lands, but that defendant did not know of her inexperience and did not take advantage thereof; that the property of the defendant free of encumbrances was of the value of $31,588; that the written representations referred to in the complaint were all made by one Pierce, an agent of the defendant, with full knowledge of the truth or falsity thereof; that certain statements contained in said written paper were untrue, particularly those respecting the climate, water supply, and values of the water, soil, land, and crops; that other statements therein were mere matters of opinion and that all statements therein respecting the

number and value of the buildings, improvements, personal property and stock were correct and true. It was also found that the defendant did not make any of the twelve oral representations charged in the complaint and that in fact all the facts detailed in said representations and alleged to be untrue were in fact true; that Pierce as agent of the defendant represented to plaintiff that a certain spring was on the ranch, but that the defendant himself personally pointed out the lines of the ranch to the plaintiff and told her at that time that he had not had the land surveyed and knew there was a dispute over the position of the line and the ownership of the spring. It was found that all false statements were made for the purpose of defrauding the plaintiff and that she did not discover the falsity of these until July, 1918; that she was in possession of the ranch from October 1, 1917, to September, 1918, and made no complaint until after the defendant had demanded the payment of interest on her mortgages. In reference to the inspections made by the plaintiff prior to the exchange, it was found that she made three trips to the ranch, but that they consumed short periods of time and covered only such matters as were pointed out to her. As to her opportunity to discover during her year of occupancy of the ranch whether any of the representations were true or false no finding was made, and, likewise, upon the issue of whether she would have consummated the exchange had these representations not been made there is no finding.

[1] In respect to the complaint, it is argued that it is insufficient because there is no allegation that any of the representations alleged to be false induced the contract or that without them the contract would not have been made, and also that it is insufficient because there is no allegation that the plaintiff suffered any injury or damage by reason of the exchange. Though the complaint is immaturely drawn, we think it sufficient to raise the issue that without the alleged false representations the contract would not have been made when it alleges that these representations were the inducing cause of the contract and that it was made on account of them. [2] In the matter of pleading damages, it is true that no express allegation of pecuniary damage is necessary, but it should be pleaded that the plaintiff by reason of the fraud has suffered injury to her prop-

erty rights. [3] Though the plaintiff here has not expressly pleaded any injury, we are satisfied that the judgment should not be reversed upon this ground, particularly when there was no demurrer to the complaint and the action was tried without objection and upon the theory that the complaint was sufficient.

[4] The serious question presented here is that the findings do not support the judgment. In an action of this kind it is not necessary to prove that all the specifications of fraudulent representations are true. ''The judgment may be sustained upon evidence supporting any one material misrepresentation. (*Davis* v. *Butler*, 154 Cal. 623 [98 Pac. 1047]; *Thomas* v. *Hacker*, 179 Cal. 731 [178 Pac. 855].) It matters not that there may have been included in the allegations and findings representations which are not actionable.'' (*Scott* v. *Delta Land etc. Co.*, 57 Cal. App. 320, 324 [207 Pac. 389, 391].) Though the complaint is full of allegations of a great number of misrepresentations, many of which were found not to have been made while others were found to be true in fact, there are certain material representations charged in the complaint and found to be true which are sufficient to sustain the judgment. [5] It was found that the representations that there were several large springs upon the ranch and a vast supply of gravity water to be had; that the soil was very productive, being sixty acres of good bean land, and fifty acres of bottom land, nearly all irrigable or subirrigated; and that the side hills were very dark loam, were all untrue. Each one of these representations was a representation of a material fact within the knowledge of the appellant and was sufficient to support the rescission of the contract. [6] Excepting the representation relating to the location of what is termed the large spring, all the others could be proved false only by a thorough examination of experts in the use and development of water for irrigation purposes and of experts in the use of soils for farming purposes or by personal experience gained by actually farming the land over a considerable period of time. Such being the case, we are unable to say upon the record before us that the respondent delayed an unreasonable time in making her discovery of the falsity of any of these representations. There is some uncertainty in the finding as to when the respondent discovered the

falsity of the representation as to the location of the large spring. There is certainly evidence in the record to show that she was at least notified before the transaction was closed that the location of this spring was in dispute, that the line of the ranch at that place had not been surveyed and that the appellant was in doubt as to whether the spring belonged on the ranch or to the adjoining property owner. The meaning of the finding seems to be that though this information was conveyed to the respondent she did not take it seriously and that she did not in fact discover that the spring was not upon the ranch until July, 1918. This being so, the rule of the cases that an unreasonable delay in making a rescission after the discovery of the falsity of the representations should bar a recovery is not applicable.

[7, 8] The appellant criticises the ruling of the trial court in refusing to permit him to make proof that the agent who conducted the transfer was financially interested with respondent in the transaction and received a profit other than the commission therefor, and also the ruling refusing to permit the appellant to cross-examine respondent regarding certain oral representations which she alleged to have been made by the appellant. We are satisfied that error was committed in both of these rulings, but cannot say that either was prejudicial because, the matter being before the court in equity sitting without a jury, the relationship of the agent which the appellant sought to prove was assumed by the court to have been proved when it made its ruling, and the inquiry directed to the respondent was covered at another period of the trial and the trial court in respect thereto found for the appellant.

[9, 10] The error committed in permitting the respondent, in the course of her examination before the referee, to refer to the bill of particulars which had been prepared by her counsel is of a different character. When the respondent gave her notice of rescission of the contract she included a demand upon appellant that he pay the sum of $6,860 to reimburse her for the moneys expended by her in the care and maintenance of the ranch, which sum she alleged to be in excess of all moneys which she had received from the proceeds of the operation of the ranch. Her complaint was filed October 8, 1918, and on November 6, 1918, the appellant served upon her a demand for a bill of par-

ticulars covering such items. This demand was ignored and the cause went to trial on December 20, 1918, the first trial resulting in a judgment for the appellant herein. Thereafter and on the eighteenth day of June, 1920, a new trial having been granted, the cause again came on for trial and the matter of adjustment of accounts of operation of the respondent's properties was ordered heard before a referee. At this hearing a bill of particulars dated June 12, 1920, was offered by the respondent and the objection of the appellant that it was inadmissible because a copy had not been delivered within the time required by law was overruled. Exception to this ruling was certified to the trial court and the ruling was sustained. This was error. Section 454 of the Code of Civil Procedure provides that when a party demands a bill of particulars covering the items of an account in suit a copy thereof must be delivered within five days after the demand, otherwise evidence thereof is to be precluded. In *St. Johns* v. *Consolidated Construction Co.,* 182 Cal. 25, 28 [189 Pac. 276], the supreme court held that it was within the power of the trial court to relieve a party from his default in complying with the demand for a bill of particulars, and we assume that what was meant by this decision is that when timely application is made under section 473 of the Code of Civil Procedure for relief from the mistake, inadvertence, or neglect of the party the court may grant the relief as if some order or proceeding had been taken against the party in default. There is, however, no uncertainty in the meaning of section 454 of the code that when the demand is not complied with within the prescribed time the party is thereby precluded from giving evidence on the subject matter of the account. As the record stands here no application for relief from this default was requested or granted and all evidence touching the subject matter included in that demand was improperly admitted.

Another question arises as to the use of this bill of particulars by the respondent in the course of her examination before the referee. It appears that when she left the ranch in the fall of 1918 she delivered to her attorney a copy from a statement made from memoranda which she had kept during the year when she had resided upon the ranch showing items of expense incurred by her in its operation. From this information and from information received through

another source her attorneys made up the bill of particulars, including therein items upon which they had no information from either source. This bill was dated June 12, 1920. This was two years after these memoranda had been prepared by respondent and delivered to her counsel—memoranda which, her counsel testified, he had lost immediately following the first trial in 1918. While she was a witness before the referee she was asked to refresh her memory from this bill of particulars and objection was made on the ground that it had not been prepared by her or through her direction or advice. This objection was overruled and on this appeal the respondent practically concedes that the ruling was error and stipulates that the judgment might be modified to the extent of eliminating therefrom the sum of $1,151.70. The original demand made by the respondent upon the appellant was $6,860. The bill of particulars filed about two years later showed a claim of $4,923.56. On the hearing before the referee this amount was reduced to the sum of $3,120.40, but when the matter was returned to the trial court and objections made to the referee's report by the appellant this sum was again reduced to $1,884.45. The sum of $1,151.70, which the respondent consents may be stricken from the judgment is arrived at by eliminating from the amount found due by the referee such items alone as respondent now insists were testified to by her without reference to the bill of particulars. This, however, does not appear in the bill of exceptions, and respondent concedes that to support her claim it is necessary to go outside of the record. We are satisfied from what has been said that because of the failure to file a bill of particulars within the time required by law the respondent is not entitled to recover for moneys expended in the care, operation, or maintenance of the property, and as the parties agree that the amount allowed for this purpose by the trial court was the sum of $1,884.45, it is ordered that the judgment be modified by eliminating that amount and that as so modified it is affirmed with costs to appellant.

Sturtevant, J., and Koford, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1927.