[Civ. No. 5378. Third Appellate District.—January 22, 1936.]

JIM SADIK, Respondent, v. WALLBERG MINING CORPORATION (a Corporation), Appellant.

J. E. Ebert and P. H. Johnson for Appellant.

Rich, Weis & Carlin for Respondent.

PULLEN, P. J.—In 1933 and 1934 defendant corporation operated a gold mine in Yuba County. Plaintiff, a laborer at the mine, brought this action to recover wages earned by himself while working for defendant as a miner, and also as assignee of seven others who likewise had been employed by defendant.

The complaint set forth these demands in the language of the common count and the decision being in favor of plaintiff, findings and judgment followed. The findings are to the effect that all of the allegations contained in paragraphs 1, 2, 3 and 4 of the specific cause of action set forth in plaintiff's complaint were true.

Appellant urges for reversal that the evidence as well as the findings were insufficient to support the judgment, and the original and amended bills of particulars were likewise insufficient.

The evidence discloses that from July 1, 1933, to April 17, 1934, I. O. Wallberg was president of defendant mining corporation and in charge of the mine as general manager. During the same period of time Hazel Wallberg was vice-

president, a director, treasurer and kept the books of the company and time records of the employees.

The several complainants testified in their own behalf that the defendant owed them the respective amounts sued for. They did not keep a record of their own account as most of them were unable to read or write but they relied upon Wallberg, who from time to time told them what was owing to them by the company as shown by the time book.

Upon cross-examination the testimony of the claimants and Wallberg was not always in accord as to the number of days worked or the rate of pay that each man was receiving, but that was a discrepancy to be weighed and considered by the trial court in reaching its conclusion, and there being evidence in the record to support the findings reached by the trial court, we cannot on appeal substitute our conclusion for that of the trial judge.

In regard to the bills of particulars, it appears from the testimony of Hazel Wallberg, the timekeeper during the time the men were employed, that she and S. P. Fogerty, who succeeded her as secretary and timekeeper, together prepared the bills from data revealed by the time book in the possession of defendant, and that the items there shown aggregated the amounts claimed by plaintiff and his assignees. Defendant objected to the first bill of particulars as furnished as not being in sufficient detail and a further bill was requested and furnished, to which objection was also made, but it seems to be true that the time book was last seen by plaintiff in the mine office when he left the company, and was later found in the possession of the secretary, where Mrs. Wallberg testified she and her successor used this time book in getting the information to make out the bill of particulars.

The rule in regard to supplying a bill of particulars is that great particularity will not be required if the information is within the knowledge of or available to the one who seeks the bill, but nevertheless it will be ordered when the allegations of the pleader are general, as they were in this case, that the bill may aid the opposing party to know upon what specific demands or defense to prepare his pleading, or when the information, although in the possession of the party seeking the particulars, is unintelligible. (49 Cor. Jur. 640.) Appellant objected to the findings under section 454 of the Code of Civil Procedure, but the trial court committed no error in

overriding defendant's motion to exclude evidence at the trial.

Defendant objects also to the findings, claiming that they constituted mere conclusions of law and were therefore insufficient to support the judgment. Findings by reference to pleadings or parts thereof have been frequently criticized by the appellate courts, but such findings have been upheld where they found that all the allegations of a complaint were true and the denials and allegations of the answers untrue. (*Lee* v. *Day*, 55 Cal. App. 653 [203 Pac. 1024].) This rule, although not to be commended, is supported by too strong an array of authority to be now overthrown. (24 Cal. Jur. 986.)

The judgment should therefore be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.