[Civ. No. 30941. Second Dist., Div. One. Dec. 21, 1966.]

JOE BURTON, Plaintiff and Appellant, v. SANTA BAR-
BARA NATIONAL BANK, as Administrator, etc.,
Defendant and Respondent.

428

John Hay for Plaintiff and Appellant.

S. R. Zimmerman for Defendant and Respondent.

LILLIE, J.—This is an appeal from order granting defendant's motion to exclude evidence of matters alleged in paragraph V of plaintiff's complaint.

Suit on a common count was brought on a rejected creditor's claim against defendant bank as special administrator of the estate of Carl A. Wolf, deceased; the claim is set up in paragraph V as follows: "From January 1, 1959, to August 31, 1965, plaintiff collected contingent liabilities owed on automobile contracts at the BANK OF AMERICA and at the FIRST WESTERN BANK, . . . in behalf of CARL A. WOLF, deceased, the reasonable value of the services rendered in collecting the same being the sum of Six Thousand Nine Hundred Eight ($6,908) Dollars. Said work was performed by plaintiff for said decedent, at his request, and said decedent, in consideration thereof promised to pay to plaintiff the reasonable value of the said labor performed upon request."

Hereinafter a lengthy detail of the numerous motions

noticed and orders entered is set out to point up the efforts made by both defendant and the court to compel plaintiff to either furnish a bill or particulars and locate the records on which his alleged claim is based, or if he could not do so, make a proper showing of reasonable effort; and to demonstrate the numerous opportunities afforded plaintiff and the length to which the court was willing to go to aid him in discovery necessary to make an itemization of the account claimed, and his lack of diligence in the premises, even in the face of repeated warnings of imposition of the statutory penalty.

On January 6, 1966, defendant made demand on plaintiff for a bill of particulars, and moved for an order to require plaintiff to produce and permit inspection of all books, accounts and records of services allegedly rendered by him. After a hearing the court on January 18, 1966, ordered production by March 1, 1966, of such books, accounts and records as plaintiff has in his possession.

Defendant's demand having been ignored by plaintiff and no bill of particulars having been filed, defendant on January 20, 1966, served on him notice of motion for order requiring him to render a bill of particulars as demanded or, upon his failure to do so, precluding him from giving evidence on the reasonable value of services alleged to have been rendered in paragraph V of his complaint. Plaintiff by declaration of his counsel claimed that on January 17, 1966, at the hearing on the motion to produce, "it was stipulated . . . that the plaintiff would have until March 1, 1966, in which to file his bill of particulars, . . ." This was disputed by a declaration of defendant's counsel; and absent in the record before us is any such stipulation or any order relative thereto. Thus, on February 10, 1966, the motion was granted and plaintiff was ordered to furnish "an account and Bill of Particulars of the matters alleged in Paragraph V of plaintiff's complaint; to wit, the dates when the services were rendered, the time consumed in the rendering of the said services, and the specific charges of the said services as allotted to the dates when the services were purportedly rendered," giving him until February 21, 1966, to comply.

On February 21, 1966, plaintiff filed a paper entitled "Bill of Particulars" stating that "Between January 1, 1959 and August 31, 1965, Plaintiff collected contingent liabilities owed on automobile contracts at the Bank of America and First Western Bank . . . in behalf of Carl A. Wolf, deceased. On

January 1, 1959, there were approximately nine contracts outstanding at the Bank of America. On January 1, 1959, there were approximately forty-six contracts outstanding at the First Western Bank. No further accounts were opened at either bank in the name of Carl A. Wolf as dealer, and [plaintiff] performed the service of servicing these accounts by repossessing when the accounts became hopelessly delinquent, or repairing the automobiles when the warranties demanded. Because of the fact that the books and records pertaining to the operation of the business are not now in possession of Plaintiff, and to his best knowledge they are in the possession of Defendant or its agents, he is not able to give an exact breakdown of all the services rendered on each contract. He is still attempting, by gathering together papers in his possession, to verify the exact amounts involved. At the time he first took over the job for Mr. Wolf, they orally agreed that a reasonable charge for the services rendered in servicing said accounts, based on the number of accounts open at the end of 1958, would be $200.00 per month.''

On the ground that the above paper failed to comply with the court's order of February 10, 1966, and its prior demand defendant on February 28, 1966, filed notice of motion for further bill of particulars and to exclude evidence supported by declaration of its counsel. On March 21, 1966, the motion for further bill of particulars was granted; on March 25, 1966, the court entered its written order accordingly, again ordering plaintiff to furnish to defendant before April 21, 1966, account and bill of particulars setting forth the items ordered to be set forth by its order previously made on February 10, 1966; defendant's motion to exclude evidence was continued to April 25, 1966.

Plaintiff furnished no further bill of particulars but on the last day, April 21, 1966, filed his declaration that since March 21, 1966, he has attempted to locate the records from which a further bill of particulars could be made and he has not been able to do so; and to the best of his knowledge, based on his own recollections and conversations with decedent's nephew, the records were last seen either in possession of decedent or his attorney. He concluded: ''I will continue to try to locate the records and will notify counsel for the defendant in writing at such time as they come into my possession or at such time as further information concerning my claim becomes available to me.''

On April 25, 1966, the motion to exclude evidence was con-

tinued to May 31, 1966. Meanwhile, on April 28, 1966, the court made further order requiring bill of particulars wherein it ordered plaintiff to furnish defendant an account and bill of particulars as ordered on March 21, 1966, and *in addition* that plaintiff "shall furnish to the court and shall make a showing on or before May 31, 1966, that he has made reasonable effort to locate the records from which a Bill of Particulars could be made and to describe, and so furnish to the defendant a copy of the said records should he be able to locate the same"; — "must exercise reasonable efforts to take the oral depositions, and to complete the same on or before May 31, 1966, of all persons who the plaintiff has reason to believe have knowledge of the whereabouts of the said records or the nature of the matters set forth in the said records"; by May 31, 1966, "shall have exhausted all reasonable means to discover the whereabouts of the records from which a Bill of Particulars could be made"; and that should he "fail to make a showing of reasonable effort to find the said records, or if the plaintiff shall fail to exercise reasonable efforts to take the depositions above referred to, or shall have failed to exhaust the reasonable means to discover the said records and each of said matters, then the court shall on the 31st day of May, 1966, grant the defendant's motion to exclude evidence by the plaintiff on the matters alleged in Paragraph V of plaintiff's complaint; to wit: The dates when the said services as set forth therein were purportedly rendered, the purported time consumed in the rendering of said services; and the purported charges for the said services as allotted to the dates when the said services were purportedly rendered."

No further bill of articulars having been furnished, the matter was heard and on May 31, 1966, the court granted motion to exclude evidence as to paragraph V of plaintiff's complaint. The trial judge found that (1) plaintiff has not furnished to defendant an account and bill of particulars as ordered on March 21, 1966, and (2) has failed to make a showing that he has made reasonable effort to locate the records from which a bill of particulars could be made, failed to exercise reasonable effort to take oral depositions of persons who he has reason to believe would have knowledge of the whereabouts of the records and failed to exercise reasonable means to locate and discover the records; and ordered that plaintiff be and "is excluded from offering evidence on the matters therein (Par. V, Complaint) alleged."

While the matter of the appealability of the order was

discussed by appellant, it was not argued by respondent. However, inasmuch as the order herein precludes plaintiff from offering evidence on his only cause of action, effectively blocking him from proceeding further therein and leaving no issues to be determined between him and defendant, it appears to be much the same as an order striking a complaint which has been held to be appealable "as a final determination of the rights of the parties. . . ." (*American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520, 522 [21 Cal. Rptr. 33]; *Wilson* v. *Sharp,* 42 Cal.2d 675, 677 [268 P.2d 1062].)

The main issue is whether the trial court abused its discretion in granting the motion to exclude evidence. (*McManus* v. *Larson,* 122 Cal.App. 716, 718 [10 P.2d 523]; *McCarthy* v. *Mt. Tecarte Land & Water Co.,* 110 Cal. 687, 693 [43 P. 391].) Arguing that inasmuch as no time has been set for trial there is "no possibility of embarrassment" to defendant by his inability to offer evidence upon the matters alleged in paragraph V of his complaint; and that paragraph V, his bill of particulars and his affidavit apprised defendant of the dates during which the services were rendered, the number of general items of account, the general nature of services rendered and the value of the monthly services, giving all items as definitely as he could, appellant contends that the trial judge erred in the imposition of the penalty under section 454, Code of Civil Procedure. Section 454, Code of Civil Procedure, provides: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular."

 .It is true, as urged by appellant, that the requirement of an account or bill of particulars is imposed as a protection against surprise, and that the purpose of section 454, Code of Civil Procedure, is "to protect the adverse party from embarrassment" (*McCarthy* v *Mt. Tecarte Land & Water Co.,* 110 Cal. 687, 692 [43 P. 391]) by giving him reasonable notice of the items constituting plaintiff's claim so that he may prepare for trial (*McCarthy* v. *Mt. Tecarte Land & Water Co.,* 110 Cal. 687, 692 [43 P. 391]; *Ames* v. *Bell,* 5 Cal.App. 1, 4 [89 P. 619]; *Gilmore* v. *Hill,* 152 Cal.App.2d 881, 882-883 [313 P.2d 898]; *Dicker* v. *Bisno,* 155 Cal.App.2d 554, 558 [318 P.2d

159]), but the statute sets up a procedure which must be followed; a bill or copy of the account must be delivered to defendant within 10 days after written demand therefor is made on plaintiff or a penalty, mandatory in its terms will be exacted for his failure to comply—plaintiff must deliver the account "or be precluded from giving evidence thereof." (Code Civ. Proc., § 454.) ■ Thus, upon failure of compliance, for complete refusal or gross neglect, the statute would seem necessarily to call for the imposition of the mandatory penalty of exclusion of evidence. (*Elmore* v. *Tingley*, 78 Cal.App. 460, 467, 470 [248 P. 706] [no prior motion to exclude]; *McCarthy* v *Mt. Tecarte Land & Water Co.*, 110 Cal. 687, 692 [43 P. 391].) ■ However, in cases involving mere delay in filing an adequate bill of particulars, the courts have not held the provisions of section 454 to be mandatory; they have construed the statutory language as serving but to name a penalty vesting the power of exacting the same in the sound discretion of the trial judge. But to invoke the exercise of this discretion, the defendant must, prior to trial, bring matters to a head by a noticed motion to exclude the evidence. (*McCarthy* v. *Mt. Tecarte Land & Water Co.*, 110 Cal. 687, 693 [43 P. 391]; *Cromer* v. *Strieby*, 54 Cal.App.2d 405, 409 [128 P.2d 916]; *Silva* v. *Bair*, 141 Cal. 599, 602 [75 P. 162]; *Fisher* v. *Brotherton*, 82 Cal.App. 532, 540 [255 P. 854].) ■ Nor is imposition of the penalty considered to be mandatory in cases in which a bill of particulars is furnished though wholly defective in form and useless for the purpose sought. Defendant's remedy is a noticed motion for a further account and bill of particulars. (Code Civ. Proc., § 454.) Thereafter if no supplement or amendment to the bill is forthcoming, defendant must make his motion to exclude the evidence, or he waives the defects of the bill and cannot later at the trial make such motion. (*Union Lumber Co.* v. *Morgan*, 162 Cal. 722, 725 [124 P. 228]; *Ames* v. *Bell*, 5 Cal.App. 1, 4 [89 P. 619]; *Hart* v. *Spect*, 62 Cal. 187, 190; *Storm & Butts* v. *Lipscomb*, 117 Cal.App. 6, 21 [3 P.2d 567]; *Conner* v. *Hutchinson*, 17 Cal. 279, 282; *Glogau* v. *Hagan*, 107 Cal.App.2d 313, 321 [237 P.2d 329].) ■ While here the demand was ignored by plaintiff and there was a total failure to furnish an account or bill within the statutory time and the court would have been justified, on defendant's motion, to impose the statutory penalty, instead, defendant noticed motions for account and bill of particulars and for further account and bill receiving in return therefor a

paper entitled "Bill of Particulars" constituting none of the items demanded or ordered by the court; no further bill was thereafter filed. Then finally, in accord with the procedure set up in *Conner* v. *Hutchinson*, 17 Cal. 279, 282, affirmed in *McCarthy* v. *Mt. Tecarte Land & Water Co.*, 110 Cal. 687, 693 [43 P. 391], defendant moved for and obtained an order excluding the evidence. Actually, this case is similar to *Banchero* v. *Coffis*, 96 Cal.App.2d 717 [216 P.2d 151], in which a document entitled "Bill of Particulars" was so inadequate as to constitute not any kind of itemization or description of plaintiff's claim. The court said at page 721: "The situation thus presented was not the everyday case where the bill 'delivered is too general, or is defective in any particular' and where it is common practice for the judge to order a further account. The paper delivered was no bill of particulars at all, and did not pretend to be. It amounted to a total and unqualified noncompliance with the demand. In such case the extreme penalty provided by the section, of precluding the giving of evidence to prove the claim, is applicable (*Graham* v. *Harmon*, 84 Cal. 181, 185 [23 P. 1097]; *McCarthy* v. *Mt. Tecarte Land & Water Co.*, 110 Cal. 687 [43 P. 391]; *Fisher* v. *Brotherton*, 82 Cal.App. 532, 540 [255 P. 854], and *McManus* v. *Larson*, 122 Cal.App. 716 [10 P.2d 523])."

The record leaves no doubt that defendant and the trial judge gave plaintiff every opportunity to comply with the demand and subsequent orders of court, or if he could not do so, to make a proper showing thereof. Plaintiff sued in a common count for services rendered in an amount certain; he did not state these matters to be on information and belief, and he verified his complaint. We can only assume that the account alleged and the items of which it consists are within plaintiff's knowledge. Defendant's demand was totally ignored; instead of then asking for the imposition of the statutory penalty it noticed a motion for an account and bill of particulars, starting a long line of procedure to compel plaintiff to furnish the necessary information. The paper entitled "Bill of Particulars" finally filed by plaintiff was brief, evasive, uncertain and a masterpiece of generality, neither itemizing nor describing his claim as demanded and ordered. Instead of amplifying and explaining the broad allegation of paragraph V, it contained but a repetition thereof, a vague reference to some 55 contracts, and "repossessing" and "repairing" automobiles for $200 per month, and a declaration that he did not have the books and records

in his possession. Even a liberal construction of the paper could not justify a holding that it, in fact constituted any kind of bill of particulars. Defendant then gave plaintiff another opportunity to comply—this time with the added warning of a motion to exclude evidence; the resulting order required him to furnish a further bill which he failed to do executing instead his affidavit that he could not locate the records, naming three people as possible sources. On still another motion for further bill of particulars, the court ordered him to either furnish the same or make a showing of reasonable effort to locate the records and take depositions; plaintiff neither furnished an account and bill of particulars nor made *any* attempt to show any of the matters required under the order. Finally, the motion to exclude evidence was heard and the order was made.

This is not a situation in which there was a delay or late service of an adequate bill of particulars, or in which plaintiff was in any manner deprived of the opportunity to furnish a bill, attempted to supplement or amend a defective bill, was deprived of the use of any discovery procedure, or was taken by surprise in the imposition of the penalty. Plaintiff was afforded in excess of four months in which to furnish an adequate account or bill of particulars during which he was repeatedly prodded by the court to conform with the demand and numerous orders spelling out in detail what he should do to prevent the exaction of the statutory penalty. He has offered nothing of a definitive nature to support his alleged account; worse, he has made no effort to obtain the necessary information. Plaintiff's affidavit that ''he will continue to try to locate the records and will notify counsel for defendant in writing at such time as they come into his possession or at such time as further information concerning his claim becomes available to him,'' is no promise at all that he will ever produce an itemization of his account or give any further information concerning his claim or produce any records to support it—to permit defendant to prepare its case. Plaintiff's conduct indicates that indeed there is a very definite probability that defendant will not be protected ''from embarrassment upon trial''; and is far from compatible with his present position that he gave a copy of the account demanded ''as definitely'' as he could. In the light of the record before us, we can only conclude there is either a lack of good faith in the premises or such a lack of diligence as to constitute gross neglect.

■ While it is true that a bill of particulars lacking in detail, ordinarily deemed defective, would not be prejudicial and would justify withholding the statutory penalty where the information demanded by defendant is actually within his knowledge or available to him (*Sadik* v. *Wallberg Mining Corp.*, 11 Cal.App.2d 379, 381 [53 P.2d 981]), there is no real showing in plaintiff's "Bill of Particulars" or declaration that the necessary records are actually in defendant's possession or that the information sought is within its knowledge or available to it. ■ Plaintiff even failed to take advantage of the discovery devices, ordered by the court, to determine such fact.

The record does not disclose that the trial judge in granting the motion to exclude evidence exercised other than its sound discretion.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.