[L. A. No. 5230. Department One.—January 6, 1920.]

A. C. ST. JOHN, Respondent, v. CONSOLIDATED CONSTRUCTION COMPANY (a Corporation), Appellant.

[1] Action on Open Book Account—Indebtedness not Previously Adjudicated—Findings Supported by Evidence.—In this action on an open book account, it is held the findings that the indebtedness was not adjudicated in a previous action between the assignee of the plaintiff and the defendant, and that before the commencement of the present action the claim had been reassigned to the plaintiff, are supported by the evidence.

[2] Bill of Particulars—Relief from Default—Discretion.—It is within the power of the court to relieve a party from default for failure to serve and file a bill of particulars within the time required by section 454 of the Code of Civil Procedure, and where it is not claimed that the action of the court in so doing is prejudicial to the opposing party upon the merits of the case, or upon their presentation, no abuse of discretion appears.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jones & Weller for Appellant.

Haas & Dunnigan for Respondent.

LAWLOR, J.—The appeal is from the judgment entered in favor of the plaintiff in the sum of three thousand dollars found by the court to be due the plaintiff from the defendant in an action on an open book account for cement furnished.

The complaint, after alleging the corporate existence of the defendant, merely alleges: "That said defendant is indebted to plaintiff on an open book account for cement furnished to said defendant within four years last past at the city of Los Angeles, county of Los Angeles, state of California, in the sum of three thousand dollars." It is then alleged that no part of this sum has been paid, but that the whole thereof is still due, owing and unpaid.

In its answer the defendant denied the indebtedness and alleged that prior to the commencement of this action plaintiff had assigned and transferred all claims held by him against the defendant to the Riverside Portland Cement Company, a corporation, which commenced an action against the defendant in the superior court of Los Angeles County, and judgment was rendered in favor of the plaintiff therein, which was paid and satisfied by this defendant, and that all rights and claims of the plaintiff herein were adjudicated in that action.

The court found that the defendant was at the time of the commencement of the action, and still is, indebted to the plaintiff in the sum of three thousand dollars, and that no part of the sum has been paid; that prior to this action the plaintiff had assigned all claims held by him against the defendant to the Riverside Portland Cement Company, a corporation; that the said Riverside Portland Cement Company did commence an action against the defendant entitled "Riverside Portland Cement Company, a Corporation, Plaintiff, v. Consolidated Construction Company, a Corporation, Defendant. No. B–1098"; that said action was tried and judgment therein rendered in favor of the plaintiff therein and against the defendant herein; that said judgment has become final and has been fully paid and satisfied by the said defendant; that the said sum of three thousand dollars

sued on in plaintiff's complaint herein was not included in the judgment in the said action No. B–1098; that the court in that action did not adjudicate the question of the indebtedness of the defendant to the plaintiff in this action; that the claim of the plaintiff herein was in no way passed upon or adjudicated in the former action, and that that action is not a bar to the recovery of the plaintiff herein. It was also found that before the commencement of this action the Riverside Portland Cement Company had reassigned to "A. C. St. John, the plaintiff herein, all right, title, and interest to it assigned in said demand of three thousand dollars by the said A. C. St. John and that at the time of the commencement of this action" the plaintiff was the owner of the claim against the defendant. Judgment was thereupon entered for the sum of three thousand dollars with interest at the rate of seven per cent from the date of the commencement of this action.

1. The principal point relied on by appellant as ground for reversal of the judgment herein is the claim that the matter in controversy was adjudicated in the former action in which the Riverside Portland Cement Company had judgment against the defendant, and that, therefore, the matter is *res judicata.* As we have indicated above, the court found specifically that "the court in that action did not adjudicate the question of the indebtedness of the defendant to the plaintiff in this action; that the claim of the plaintiff herein was in no way passed upon or adjudicated in the former action."
[1] An examination of the record in the former case shows that this finding was fully justified. It appears that the Cement Company refused to sell cement to the defendant, whereupon it was arranged that the Cement Company should sell to St. John, the plaintiff here, who was a stockholder of the defendant, upon his personal credit, and that St. John would then resell to the defendant. This was done. On account of cement so sold St. John paid the Cement Company three thousand dollars, and the defendant paid two thousand dollars. There was a considerable balance still due the Cement Company, and for this it brought suit against the defendant, the complaint containing two different sets of counts, so to speak—one set on the theory of a sale by St. John to the defendant and an assignment by St. John of his claim to the plaintiff, and the other on the theory of a sale direct

by the Cement Company to the defendant. The balance sought to be recovered in both sets of counts took no account of the payment of three thousand dollars by St. John. The court found the facts as stated above, and also that St. John was acting throughout for the defendant, and as its agent, and gave judgment against the defendant, but only for the balance due the Cement Company after the payment of three thousand dollars by St. John was taken into account. In other words, the judgment gave to the defendant the benefit of the three thousand dollars paid by St. John. This is the three thousand dollars which St. John seeks to recover in the present action. It is perfectly plain from the foregoing statement that the defendant in all justice still owes St. John the three thousand dollars which he paid for it and of which it got the benefit, and that its defense here is an unconscionable one. It is also apparent that the action by the Cement Company was decided exclusively upon the basis of determining merely what was due the Cement Company on its own account, and not as assignee of St. John, and without any determination whatever as to the obligations between St. John and the defendant. There was, therefore, no adjudication as to such obligations, and they were open for adjudication in this action.

2. The only other point urged by appellant is "that the court erred in permitting the plaintiff to serve and file his bill of particulars more than five days after demand therefor, as required by section 454 of the Code of Civil Procedure." It appears that the demand was served more than a year and a half before the trial, and subsequently called to the attention of plaintiff's attorney by counsel for the defendant, and that no attempt was made to comply with the demand prior to the day of the trial. At the opening of the trial, however, the court allowed the plaintiff to file the bill of particulars over the objection of counsel for the defendant, offering to allow a continuance of five days in order to give counsel time to examine the bill and prepare for trial. This offer of the court was refused by counsel for the defendant, who reserved an exception to the ruling of the court.

[2] It was within the power of the court to relieve the plaintiff of his default and permit him to file a bill of particulars; and it not appearing, and it not being claimed that the action of the court in so doing was prejudicial to the de-

fendant upon the merits of the case, or upon their presentation to the court, no abuse of discretion appears.

The judgment is affirmed.

Olney, J., and Shaw, J., concurred.

Hearing in Bank denied.

All the Justices concurred.